**STATE of Minnesota, Respondent,**

v.

**Dennis Frederick GRAFFICE, Appellant.**

**No. 50105.**

Supreme Court of Minnesota.

June 20, 1980.

Rehearing Denied July 18, 1980.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Meshbesher, Singer & Spence and Carol Grant, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Section, and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c) (1978) (sexual penetration accomplished by causing complainant to have reasonable fear of imminent great bodily harm if she refuses to submit). The trial court sentenced defendant to a prison term of 1 year and 1 day to 20 years. On this appeal from judgment of conviction defendant contends: (1) that the evidence of his guilt was legally insufficient, (2) that the warrantless entry of his apartment by the police to arrest him was unconstitutional and that therefore the seizure of certain incriminating evidence observed in plain sight was illegal, (3–4) that the trial court prejudicially erred in permitting the (a) use of prior convictions to impeach defendant's credibility and (b) elicitation of evidence showing that the state had not received specific pretrial notice of the alibi defendant claimed at trial, and (5) that the prosecutor committed misconduct in his opening statement and closing argument to the jury. We affirm.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient. The evidence at trial established that defendant, who was the resident manager of an apartment building, entered the complainant's apartment when her husband was out of town and accomplished sexual penetration by causing complainant to have a reasonable fear of imminent great bodily harm if she refused to submit to him. Complainant, who had talked with defendant on a number of occasions and had seen him on many more occasions, promptly reported the crime to the police, who went to defendant's apartment. After being let in by defendant's wife, who had been away at the time of the attack, the police arrested defendant. As they were arresting him they observed, in plain sight, a pair of thongs and a knife, which fit the description of the pair of thongs and the knife described by the complainant. After seizing these items they showed them to complainant, who identified them. This evidence was clearly sufficient to convict defendant.

2. Defendant's second contention, that the warrantless entry to arrest him was unconstitutional, is equally meritless. In *Payton v. New York*, —— U.S. ——, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the United States Supreme Court held that a

warrantless, nonconsensual entry—that is, crossing of the threshold—of a suspect's dwelling to arrest him violates the fourth amendment, absent exigent circumstances. However, since the evidence adduced at the omnibus hearing showed that defendant's wife consented to the entry and since the trial court so found, the entry to arrest defendant was not violative of the fourth amendment and we need not decide whether, absent this consent, the circumstances were such as to be deemed to be exigent circumstances.

3. Defendant's third contention is that the trial court erred in permitting use of defendant's prior felony convictions, one a 1974 burglary conviction and the other a 1975 armed robbery conviction, to impeach him. The applicable rule is Minn. R. Evid. 609. Analyzing the facts in terms of the factors listed in *State v. Jones*, 271 N.W.2d 534, 538 (Minn.1978), we conclude that the trial court did not abuse its discretion in admitting the prior convictions for impeachment purposes. *See State v. Brouillette*, 286 N.W.2d 702, 707–08 (Minn.1979).

4. Defendant next contends that the trial court prejudicially erred in permitting the prosecutor to elicit the evidence showing that the state had not received specific pretrial notice of the alibi defendant claimed at trial.

Rule 9.02, subd. 1(3)(c), R.Crim.P., provides as follows:

Alibi. If the defendant intends to offer evidence of an alibi, the defendant shall also inform the prosecuting attorney of the specific place or places where the defendant contends he was when the alleged offense occurred and shall inform the prosecuting attorney of the names and addresses of the witnesses he intends to call at the trial in support of the alibi.

Rule 9.03, subd. 8, R.Crim.P., provides:

Sanctions. If at any time it is brought to the attention of the trial court that a party has failed to comply with an applicable discovery rule or order, the court may upon motion and notice order such party to permit the discovery or inspec-

tion, grant a continuance, or enter such order as it deems just in the circumstances. Any person who willfully disobeys a court order under these discovery rules may be held in contempt.

In this case defendant's alibi at trial, that he was at a gas station talking to the attendant, a man named "Ken," was not encompassed by his pretrial notice of alibi, which simply stated that he was at his apartment "or thereabouts." That fact and the fact that the state did not learn of the alibi until defendant testified at trial made it impossible for the state to investigate the alibi and specifically disprove it. Under these circumstances the trial court properly permitted the prosecutor to elicit evidence that the notice of the alibi did not specifically refer to the gas station or to "Ken" and evidence tending to show that, if adequate notice had been given, the state might have been able to locate this "Ken" and interview him. In response to a question designed to establish that the notice was inadequate, defendant stated that he had specifically mentioned the gas station 4 days after his arrest. The prosecutor, in an attempt to prevent the jury from receiving the erroneous impression that defendant had made this statement to someone connected with the prosecution, then elicited an implied admission by defendant that he had not told the police about the gas station when he talked with them.

Under the circumstances, we believe that the prosecutor acted properly in eliciting this evidence. For a discussion of the sanction used here and the other possible sanctions available for a defendant's failure to comply with the notice-of-alibi rule, *see* Note, 81 Yale L.J. 1342 (1972).

5. Defendant's final contention, that the prosecutor committed prejudicial misconduct in his opening statement and closing argument is meritless. While the prosecutor's opening and closing statements were not model ones, defense counsel, who was an experienced criminal defense attorney, did not object to any of the statements now claimed to be improper, choosing in-

stead to respond to them in his statements to the jury.

Affirmed.