STATE of Minnesota, Respondent,

v.

**Kevin Thomas DOOLEY, Appellant.**

No. 81–708.

Supreme Court of Minnesota.

May 14, 1982.

Segal & Roston and David G. Roston, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Thomas A. Weist and Robert H. Lynn, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery for his role as gunman in a robbery of a Minneapolis drug store in which drugs and cash were taken. The trial court sentenced defendant to a prison term of 49 months, with the sentence to run concurrently with a prior federal sentence. On this appeal from judgment of conviction defendant contends that the prosecutor committed prejudicial misconduct in his closing statement and that, notwithstanding defense counsel's failure to object, a new trial is required. We affirm.

Contrary to what defendant argues in his brief, the evidence of his guilt was strong, not weak. Two of the five eyewitnesses saw part or all of the robber's bare face— one as the robber was pulling on his mask, the other after the robber removed his mask—and both positively identified defendant at a lineup and at trial. Two other eyewitnesses, who did not see the robber's face, testified that defendant generally fit the description of the robber. The getaway car was defendant's car. There was also evidence that defendant fled the state, and the jury was free to discredit defendant's testimony that he left the state before the robbery.

Not only was the evidence of defendant's guilt strong but defense counsel did not object to the statements by the prosecutor which defendant now claims were improper. Instead, defense counsel chose to respond to them in his closing argument. See State v. Graffice, 294 N.W.2d 324 (Minn.1980). The general rule is that if defense counsel fails to object to an improper statement in closing argument, the defendant is deemed to have forfeited his right to have the issue considered on appeal. State v. Kline, 306 N.W.2d 132 (Minn.1981). Nothing in our examination of the record convinces us that this rule should not be followed in this case.

Affirmed.