**STATE of Minnesota, Respondent,**

v.

**Michael S. KOZIOL, Appellant.**

**No. C7-82-940.**

Supreme Court of Minnesota.

Sept. 16, 1983.

Katz & Lange, Steven Z. Lange, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., William Neiman, Asst. County Atty., Minneapolis, for respondent.

PETERSON, Justice.

Defendant was charged in district court with fleeing a police officer in a motor vehicle, Minn.Stat. § 609.487, subd. 3 (1982), a gross misdemeanor. Defendant moved at the omnibus hearing to suppress identification evidence and a statement he made to the police on the ground that the evidence was the fruit of what he argued was an illegal arrest. Specifically, defendant argued that police violated the Fourth Amendment in entering his apartment, to arrest him without a warrant. The trial court denied the motion to suppress, ruling that the officers were in hot pursuit when they entered defendant's apartment. Defendant then waived his right to a trial by jury and agreed to let the court decide his guilt on the basis of stipulated facts, thereby preserving his right to raise the Fourth Amendment issue on appeal without putting the state and himself through the time and expense of a full trial.[1] The court then found defendant guilty and sentenced him to 1 year in the workhouse, with eligibility for release after 6 months. The court stayed execution of the sentence pending this appeal. We affirm.

At 12:15 a.m. on January 5, 1982, Patrol Sergeant Barry Fritz of the Richfield Police Department lawfully attempted to stop a van which defendant was driving. Sergeant Fritz did not intend to tag defendant but wanted to talk to him because he felt that defendant was driving too fast for the conditions. Sergeant Fritz got two good looks at defendant, who appeared as if he were going to cooperate. Then defendant unexpectedly sped away. A chase ensued, with a number of officers from the Rich-

---

1. We approved this procedure in *State v. Loth-* *enbach,* 296 N.W.2d 854 (Minn.1980).

field and Bloomington Police Departments assisting Sergeant Fritz. The chase led to defendant's apartment building, where defendant got out of the van and ran into his apartment. Police went to the apartment and, when defendant did not answer their knocks and announcements of authority, entered with a key they obtained. Defendant was then taken outside, where Sergeant Fritz identified him. Thereafter, defendant made an inculpatory statement in response to custodial interrogation.

In *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the United States Supreme Court held that the Fourth Amendment prohibits police, absent exigent circumstances or consent, from making a warrantless entry—that is, crossing of the threshold—into a suspect's residence in order to make a felony arrest. *Post-Payton* cases of this court dealing with exigent circumstances include *State v. Hatcher,* 322 N.W.2d 210 (Minn.1982), and *State v. Gant,* 305 N.W.2d 790 (Minn.1981). Those cases are not as helpful in deciding this case as a *pre-Payton* decision of the United States Supreme Court, *United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). In *Santana* the Court held that in a hot pursuit situation the police do not need a warrant before entering a dwelling which the fleeing suspect has entered. Or, to put it differently, a person may not defeat a warrantless arrest which has been set in motion in public by entering into his dwelling. Police clearly were in hot pursuit of defendant when they followed him to his apartment, and therefore we conclude that they were justified in entering the apartment without a warrant to arrest him.[2]

Affirmed.

---

**2.** It is doubtful that the trial court would have had to suppress the identification evidence even if the court had concluded that the arrest was improper. This is because Sergeant Fritz's in-court identification of defendant as the driver had an independent source and was not the product of the arrest. That is, it appears that the police easily and inevitably would have been able to determine from defendant's employer, which owned the van, that defendant had possession of it on the night in question, and Sergeant Fritz would have been able to identify defendant at that point. *United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); *State v. Seefeldt,* 292 N.W.2d 558 (Minn.1980).