**STATE of Minnesota, Appellant,**

v.

**Scott W. POWELL, Respondent.**

No. C5–84–1184.

Court of Appeals of Minnesota.

Nov. 6, 1984.

Review Denied Jan. 15, 1985.

Hubert H. Humphrey, III, Atty. Gen., Michael E. Molenda, McMenomy, Sheldon, Dusich, Hansen & Molenda, Asst. Apple Valley City Atty., Rosemount, for appellant.

Dean S. Grau, St. Paul, for respondent.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

The State appeals from an order dismissing gross misdemeanor and misdemeanor charges of driving while under the influence of alcohol on the ground that defendant was illegally arrested because the arresting officer's search exceeded the scope of consent to enter the home. We reverse and remand.

## FACTS

In March 1984 at about 10 p.m. Apple Valley Police Officer Craig Anglin responded to a complaint of a vehicle stuck on a boulevard. When Anglin reached the location the vehicle was not occupied. Based on skid marks, Anglin determined that the driver had tried to turn left at high speed and lost control of the vehicle. The home of the registered owner, respondent Scott Powell, was about two blocks away.

When Anglin arrived at Powell's home he was met by Powell's mother, who said she did not know whether Powell was home because she had just arrived herself. She gave Anglin permission to come in and speak with Powell.

While standing on the landing in the entry, Anglin saw someone duck into the dark family room on the lower level. He called Powell's name and, receiving no response, went downstairs and looked around with his flashlight. He found Powell lying under a pool table. Powell's clothes were dirty, his eyes bloodshot, and he smelled strongly of alcohol. Anglin told him to go upstairs so they could discuss the car accident. He also radioed for a portable breath tester to be delivered to the home.

At that point Powell went into the bathroom and a few seconds later escaped by jumping out the window. He was discovered after a search of the neighborhood, arrested, and charged with driving under the influence in violation of Minn.Stat. § 169.-121, subd. 1(a) (1982), and id. § 169.129 (Supp.1983). The trial court dismissed the charges after the omnibus hearing on the ground that the arrest was illegal because Powell's mother had only consented to Anglin's entry to talk to her son, not to the officer's search for him.

## ISSUE

Was the officer's search for Powell within the scope of consent given to enter the home?

## ANALYSIS

■ The fourth amendment requires police officers to obtain a warrant before entering a residence to make an arrest. *See Payton v. New York,* 445 U.S. 573, 576, 100 S.Ct. 1371, 1374, 63 L.Ed.2d 639 (1980). A warrant is not required, however, when a valid and voluntary consent to enter is given. *See, e.g., United States v. Briley,* 726 F.2d 1301, 1303 (8th Cir.1984). A third party may give consent as long as the third party has common authority over the premises. *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974). The voluntariness of the consent is a question of fact to be determined from all the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973).

■ Anglin did not misrepresent his purpose in asking to come in, *see Briley,* 726

F.2d at 1304–05, nor did he coerce Powell's mother's consent by threatening to obtain a search or arrest warrant if consent were withheld, *see id.* at 1305. These circumstances indicate that Powell's mother's consent was voluntary.

■ The issue then becomes whether Anglin's subsequent search was within the scope of the consent. The scope of a search is limited to the terms of its authorization. *Walter v. United States,* 447 U.S. 649, 656–57, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980). Consent can also be implied by the circumstances, for example, from an individual's words, gestures, or conduct. *See United States v. Griffin,* 530 F.2d 739, 742 (7th Cir.1976); *Watts v. State,* 305 N.W.2d 860, 862 (Minn.1981).

In *State v. Graffice,* 294 N.W.2d 324 (Minn.1980), a sexual assault victim identified the resident manager of her apartment building as her assailant. The police went to his apartment without a warrant and were let in by his wife, who had been away at the time of the attack. The court held that his arrest did not violate the fourth amendment because his wife had consented to the entry. *Id.* at 326.

In *United States v. Sierra-Hernandez,* 581 F.2d 760 (9th Cir.), *cert. denied,* 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978), the police stopped a truck and asked the driver whether they could look inside his truck. He consented, and the police searched the cab, the back cargo portion, and under the hood, finding marijuana under the hood. In sustaining the trial court's finding that the search had not exceeded the scope of consent, the court stated:

> [The defendant] expressed no concern when the agent proceeded to the hood, and apparently made no attempt to retract or narrow his consent. * * * Failure to object to the continuation of the search in these circumstances is properly considered as an indication that the search was within the scope of the initial consent.

*Id.* at 764 (citations omitted).

■ The parties in this case stipulated before the omnibus hearing that the issue would be decided based on the facts contained in the police report and complaint. Because all the evidence before the trial court was documentary, we need not defer to the trial court's finding as to the scope of Powell's mother's consent. *See Ploog v. Ogilvie,* 309 N.W.2d 49, 53 (Minn.1981) (citing *In re Trust Known as Great Northern Iron Ore Properties,* 308 Minn. 221, 225–26, 243 N.W.2d 302, 305, *cert. denied,* 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976)).

■ We conclude that when Powell's mother allowed Anglin to enter for the purpose of questioning her son, she consented to the search that followed from her son's evasive actions. In order to question him, it was first necessary to determine whether he was there. She did not limit her consent in any way. The officer could reasonably infer, based on what she said, that he could help her look for her son. Anglin had good reason to believe that the person who did not answer him was Powell; the subsequent search was reasonable and not unduly intrusive. Furthermore, the police report states that she did not object when Anglin retrieved Powell from the family room. She questioned Powell herself once he came upstairs.

A recent United States Supreme Court decision lends support to our conclusion. The facts of *Welsh v. Wisconsin,* — U.S. ——, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) are remarkably similar to those in this case. A police officer found an abandoned car on a highway. A witness told the officer the driver walked away, appearing to be either inebriated or ill. Without securing a warrant the police proceeded to the driver's home, where the driver's stepdaughter allowed them to enter. They found Welsh in his bedroom and arrested him for driving while under the influence of alcohol. When Welsh challenged the legality of his arrest in a license revocation proceeding, the police justified it on grounds of exigent circumstances. *Id.* at 2092–93. The Supreme Court held that

**150**

exigent circumstances did not justify the warrantless entry but remanded with a specific statement that the state court could consider whether the arrest was justified because the police had obtained consent to enter the home. *Id.* at 2100 & n. 15.

 Our decision does not mean, as respondent argues, that the police are free to conduct "indiscriminate rummages" once they obtain consent from a third party to enter a home. All searches must be reasonable and within the scope of consent. A third party may not consent to searches of areas in which the suspect retains an independent, reasonable expectation of privacy. *See, e.g., United States v. Buettner-Janusch,* 646 F.2d 759, 766 (2d Cir.), *cert. denied,* 454 U.S. 830, 102 S.Ct. 126, 70 L.Ed.2d 107 (1981).

### DECISION

The police officer's entry and search for Powell were within the scope of his mother's consent to enter the premises.

Reversed and remanded.