Scott Wayne PAHLEN,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. CX–85–1658.

Court of Appeals of Minnesota.

March 4, 1986.

John C. Novacek, Thief River Falls, for petitioner, respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered, and decided by SEDGWICK, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

An officer in hot pursuit of respondent, who had been speeding, followed respondent into his home and arrested him for driving while intoxicated. Respondent's license was revoked when he refused testing. The trial court rescinded the revocation finding that entry into respondent's home was not justified. We reverse.

## FACTS

On May 31, 1985, Minnesota State Trooper Charles Jones was on patrol in Pennington County. His radar device indicated that an approaching vehicle was traveling at a speed of 89 miles per hour. When the pickup passed, he turned his car and pursued it for about a mile to a trailer court where it turned into a driveway.

Jones also turned into the driveway, turned his spotlight on the pickup and saw a person, later identified as Scott Pahlen, run from the pickup toward the mobile home. Pahlen stopped at the entrance, looked towards the spotlight and then entered the home. Jones observed the person's clothing and saw a shiny object on his belt. He stopped his car, and ran to the entrance of the home and into the house without stopping.

When Jones entered the home, he saw a man with clothes similar to those he observed on the person entering the home. The man had a tape measure fastened to his belt, which Jones believed was the shiny object he had observed. When the man refused to come with him, Jones approached respondent to remove him by force and noted an odor of alcoholic beverage and other signs that respondent had been drinking.

Respondent was arrested for DWI, speeding and fleeing an officer. The Commissioner of Public Safety revoked his driving privileges for one year because he refused chemical testing. Respondent petitioned for judicial review and, after a hearing, the trial court rescinded the revocation. The Commissioner appeals.

## ISSUES

1. Was the officer's arrest of respondent, which was made after a warrantless entry into his home, illegal?

2. Did the officer's failure to announce his office and purpose prior to breaking open the door, in violation of Minn.Stat. § 629.34 (1984), invalidate the officer's entry?

## ANALYSIS

1. The trial court here found the arrest of respondent violated the Fourth Amendment, relying on *Krause v. Commissioner of Public Safety*, 358 N.W.2d 481 (Minn.Ct. App.1984). This case is factually distinguishable from *Krause* where officers who were not in hot pursuit entered Krause's home at 2:30 a.m. without a warrant. The trial court also based its decision on the fact that speeding was a petty misdemeanor and "the invasion of the privacy of the petitioner's home cannot be justified in this circumstance," and found that "the officer had no basis for believing the offense of driving under the influence was occurring prior to the unannounced entry," and "It is questionable that the officer had a basis for an arrest for fleeing a peace officer (gross misdemeanor)."

We believe the trial court's emphasis is misplaced. At the time the officer began his pursuit he had probable cause to believe that respondent committed a public offense in his presence, i.e., speeding at 89 miles an hour. The fact that the officer had no way of knowing at that point whether respondent had a prior record or whether the offense is or is not a misdemeanor is not determinative of his right to arrest under these circumstances.

Minn.Stat. § 629.34 provides:

A peace officer may, without warrant, arrest a person:

(1) For a public offense committed or attempted in his presence * * *.

\* \* \* \* \* \*

To make such arrest the officer may break open an outer or inner door or window of a dwelling house if, after notice of his office and purpose, he shall be refused admittance.

The officer observed the offense of speeding. His uncontradicted testimony was that he turned the flashing lights on when respondent braked to turn in his driveway. When he turned in after him, respondent ran from his car toward his mobile home. The officer turned the spotlight on respondent and respondent turned

and looked in the direction of the light before going into his home. Seconds later the officer ran into the home after him.

■■■■ Only exigent circumstances justify a warrantless entry. "Hot pursuit" in effecting arrest is an exigent circumstance. In *United States v. Santana*, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976), the Supreme Court stated:

> "hot pursuit" means some sort of a chase, but it need not be an extended hue and cry "in and about [the] public streets." The fact that the pursuit here ended almost as soon as it began did not render it any the less "hot pursuit" sufficient to justify the warrantless entry into Santana's house.

*Id.* at 43, 96 S.Ct. at 2410.

The Minnesota Supreme Court addressed facts similar to those presently before us in *State v. Koziol*, 338 N.W.2d 47 (Minn.1983). There a police officer attempted to stop a vehicle the defendant was driving to tell him that he was driving too fast for conditions. Defendant first appeared ready to cooperate, but unexpectedly sped away, and a chase ensued, involving a number of police officers. Defendant got out of his van at his apartment building and ran in. The supreme court, relying on *Santana*, affirmed the trial court in finding that the police were clearly in hot pursuit of respondent:

> a person may not defeat a warrantless arrest which has been set in motion in public by entering into his dwelling.

*Koziol*, 338 N.W.2d at 48.

■■ The facts set forth by the trial court indicate that Pahlen was aware the officer was pursuing him before he entered his house. We believe the court erred in concluding from these facts that "to justify arrest would seriously erode the Fourth Amendment."

2. Courts in Minnesota have upheld such arrests where police have made unannounced entries when exigent circumstances have existed or when such an announcement would be a useless gesture. *State v. Hatcher*, 322 N.W.2d 210, 217 (Minn.1982);

*State v. Clark*, 312 Minn. 44, 50, 250 N.W.2d 199, 203 (1977).

## DECISION

The officer's warrantless, nonconsensual, unannounced entry into respondent's home and subsequent arrest of respondent was justified by the exigent circumstance of hot pursuit.

Reversed.