**Elsie Ann SJODIN, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C1–86–1123.

Court of Appeals of Minnesota.

March 3, 1987.

Gerald E. Maher, Duluth, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Elsie Sjodin was arrested in her home for driving while under the influence, and her driving privileges were revoked. She petitioned for judicial review and, after a hearing, the trial court rescinded the revocation. The Commissioner of Public Safety appeals, and we affirm.

## FACTS

In the early morning hours of March 21, 1986, Trooper Dennis Birchland of the Minnesota State Patrol was dispatched to a one-car accident scene on a public highway in Duluth. Through a license check, he determined that Elsie Sjodin owned the vehicle and obtained her address. Someone at the scene told him that a woman driving the car had left in a cab. Birchland learned from his radio dispatcher that a cab had been sent to a nearby gas station and then gave Sjodin's home address as its destination. Birchland requested assistance from other law enforcement agencies to go to the address, which was several miles away. Officer Ronald Silcox of the Proctor Police Department responded.

When Silcox arrived at Sjodin's house, he saw a cab parked in the driveway. Silcox knocked on the door and was admitted by the cab driver. Once in the residence, Silcox determined Sjodin's identity and that she was the driver of the car involved in the accident. Silcox formed the opinion that Sjodin was under the influence of alcohol. While at the residence, Silcox refused to allow Sjodin to leave his presence, refused to allow her to go into a bedroom to get a jacket, directed the cab driver to leave, and directed Sjodin to accompany him, over her objection. Silcox transported Sjodin to a location some distance away and placed her in Birchland's custody.

Birchland invoked the implied consent statute and requested that Sjodin submit to a breath test. She was transported to the Duluth Police Department. Sjodin failed to provide a sufficient breath sample, and the Commissioner of Public Safety revoked her driving privileges. She petitioned for judicial review, challenging the revocation on two grounds: that the warrantless arrest in her home was illegal with no exigent circumstances, and that the injury she suffered resulted in physical inability to provide an adequate sample, providing reasonable grounds for refusal.

Although the trial court concluded that Sjodin did not meet her burden of proving physical inability, it held that the evidence supporting the revocation was illegally obtained because the cab driver did not have authority to consent to the officer's entry and no exigent circumstances existed. The court rescinded the revocation and the Commissioner of Public Safety appeals.

## ISSUE

Did the trial court err in rescinding the license revocation because it was based on illegally obtained evidence?

## ANALYSIS

Officer Silcox obtained evidence of Sjodin's condition and her identity as the driver of the vehicle by entry into Sjodin's home. The officer knocked on Sjodin's door and was admitted by the cab driver. The trial court found that the cab driver was in no position to grant or deny the request for entry. It determined that the totality of the circumstances showed that there was no consent.

■ Consent to enter a home is valid if given voluntarily and without coercion. *United States v. Briley,* 726 F.2d 1301, 1304 (8th Cir.1984). The determination is a question of fact to be determined from all the circumstances, *Schneckloth v. Busta-monte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973), and the government has the burden of showing that consent was freely given. *Bumper v. North Carolina,* 391 U.S. 543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968). A third party may give consent to enter so long as that third party had "common authority" over the premises. *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); *State v. Powell,* 357 N.W.2d 146, 148 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Jan. 15, 1985). Common authority has been defined as "mutual use of the property by persons generally having joint access or control for most purposes * * *." *United States v. Matlock,* 415 U.S. at 171 n. 7, 94 S.Ct. at

993 n. 7. The cab driver clearly had no authority to consent to the entry.

■ The trial court determined that, under the totality of the circumstances, Sjodin did not consent to the entry. That determination is not clearly erroneous.

■ The Commissioner also argues that the warrantless nonconsensual entry was justified by the exigent circumstance of fresh pursuit. The trial court found no hot pursuit existed; the officer was investigating the matter. We agree with the trial court that the investigation did not rise to hot pursuit justifying a warrantless entry and arrest. *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 2099–2100, 80 L.Ed.2d 732 (1984); *see also U.S. v. Santana,* 427 U.S. 38, 43, 96 S.Ct. 2406, 2410, 49 L.Ed.2d 300 (1976); *State v. Koziol,* 338 N.W.2d 47, 48 (Minn.1983).

■ Minn.Stat. § 169.123, subd. 2(a) (Supp.1985), authorizes an officer to require a chemical test upon probable cause and the fulfillment of one of four listed conditions. The probable cause in this case arose from facts obtained as a result of the illegal entry. The "fruits of the poisonous tree" doctrine excludes evidence obtained after a violation of the fourth amendment, *United States v. Crews,* 445 U.S. 463, 471, 100 S.Ct. 1244, 1249, 63 L.Ed.2d 537 (1980), unless routine investigative procedures independent of the violation would have led the police to that evidence. *Id.* at 475. The evidence in the present case did not have an independent source. As the supreme court stated in *Olson v. Commissioner of Public Safety,* 371 N.W.2d 552, 556 (Minn.1985):

> The fourth amendment stands as a protection against unreasonable intrusions on an individual's privacy and personal security, and if this protection is to have any efficacy, it applies here.

The facts obtained as a result of an illegal intrusion into Sjodin's home may not be used to support the probable cause requirement in the implied consent statute. *Payton v. New York,* 445 U.S. 573, 576, 100 S.Ct. 1371, 1374, 63 L.Ed.2d 639 (1980); *see*

*Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); *Krause v. Commissioner of Public Safety,* 358 N.W.2d 481 (Minn.Ct.App.1984).

## DECISION

The trial court's order rescinding the revocation of respondent's driving privileges is affirmed.

Affirmed.