**Jeffrey Paul CARLIN,
petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. C7-87-939.**

Court of Appeals of Minnesota.

Oct. 6, 1987.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by NORTON, P.J., Mulally and LOMMEN, JJ.,* with oral argument waived.

## OPINION

MULALLY, Judge.

Appellant Jeffrey Paul Carlin was arrested for driving while under the influence and his license was revoked pursuant to the implied consent law. Appellant petitioned for judicial review, and the trial court sustained the revocation. He now appeals, contending that the police officer made an illegal nonconsensual entry into his home.

---

\* Acting as judge of the Court of Appeals by ap-

## FACTS

On December 29, 1986, between 10:30 p.m. and 10:45 p.m., Chad Strom came upon a one vehicle accident. The front of a pickup truck was severely damaged, and a person standing beside the vehicle was bleeding from his lip. Strom immediately drove to the police department and notified Officer Delores Bakken of the accident.

Bakken then investigated the accident. She found the damaged truck, which she recognized as one which appellant drove; the license check revealed the vehicle was registered to appellant. Bakken checked with the hospital, but found that no one had been brought in. She called a wrecker to tow the vehicle, and then called appellant's home, talked to his father, and proceeded to the residence.

Bakken arrived at the Carlin residence, where appellant and his parents live, and knocked on the door. The door consists of an outer storm door and an inner door. The officer testified appellant's mother came down the stairway and opened the inside or main door of the house. Bakken opened the outer screen door and asked if appellant was there. She testified appellant's mother answered "I'm so mad and how do you know Jeff was driving it." She testified appellant's mother then stepped back, leaving the door open, and turned and walked up the stairs without saying anything further. Bakken testified she assumed she had permission to enter the home, and followed appellant's mother up the stairway. She testified she was not told not to come into the house, or to leave the house.

Appellant's mother testified Bakken had talked to her husband on the telephone, implying appellant had been in an accident, and said she was coming over. The officer had knocked on the inner door, opening an outer screen door to do so. Appellant's mother testified she went down the stairway and opened the door; she had hesitated, but thought she had no choice. She testified she backed up the stairway a few steps, and the officer then stepped inside

pointment pursuant to Minn. Const. art. 6, § 2.

without being invited in, and followed her up the stairway. Appellant's mother did not tell Bakken to leave, although she did not know what her rights were.

The officer saw appellant in the kitchen, and noticed his cut lip and indicia of intoxication. She believed he was under the influence of alcohol, and asked him to accompany her to the police station and take a breath test. He agreed to do so, and the breath test revealed an alcohol concentration of .20. Appellant's license was revoked.

The trial court determined appellant's mother consented to the entry. It sustained the revocation, and appellant brings this appeal.

### ISSUE

Was the officer's entry into appellant's home consensual?

### ANALYSIS

 The fourth amendment prohibits warrantless and nonconsensual entries into a suspect's home. *Payton v. New York*, 445 U.S. 573, 576, 100 S.Ct. 1371, 1374, 63 L.Ed.2d 639 (1980). A valid and voluntary consent may be followed by a warrantless in-home arrest. *United States v. Briley*, 726 F.2d 1301, 1303 (8th Cir.1984); *State v. Graffice*, 294 N.W.2d 324, 326 (Minn.1980). In *Briley,* the Eighth Circuit set forth the test for determining whether the consent was valid:

> The question is "whether * * * the consent is given voluntarily and without coercion." *United States v. Dennis*, 625 F.2d 782, 793 (8th Cir.1980). This is a question of fact to be determined from all the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047–2048, 36 L.Ed.2d 854 (1973). It is clear that the burden is on the government to show that the consent was freely given. *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 1791–1792, 20 L.Ed.2d 797 (1968). It is also clear that a third party may give consent as long as the third party had "common authority" over the premises. *United States v. Matlock*, 415 U.S.

164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974).

*Id.,* 726 F.2d at 1304.

In this case, there is no dispute that appellant's mother, who lived at the home, had authority to consent to the entry. *State v. Powell*, 357 N.W.2d 146, 148–49 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 15, 1985). Instead, the question arises as to whether there was consent at all.

 The court found consent, based upon the undisputed facts that the mother was aware the officer was coming to the house to talk with appellant, she went downstairs and opened the door when the officer knocked, she went back upstairs leaving the door open, and no one ever told the officer she could not enter the home, or asked her to leave. *Cf. Pullen v. Commissioner of Public Safety*, 412 N.W.2d 780 (Minn.Ct.App.1987) (entry nonconsensual where officer knocked on door, opened door, and entered home). We agree with the trial court that under the totality of the circumstances, appellant's mother consented to the entry. *State v. Howard*, 373 N.W.2d 596, 599 (Minn.1985); *State v. Ulm*, 326 N.W.2d 159, 162 (Minn.1982).

### DECISION

The trial court's order sustaining the revocation is affirmed.

Affirmed.