**STATE of Minnesota, Respondent,**

v.

**Ralph WICK, Appellant.**

**No. C8–82–574.**

Supreme Court of Minnesota.

April 8, 1983.

Rapoport, Wylde & Nordby and Jack S. Nordby, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., and James B. Early, Sp. Asst. Attys. Gen., St. Paul, John P. Dimich, County Atty., Grand Rapids, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of a gross misdemeanor charge of using force or violence or the threat of force or violence in intentionally interfering with a police officer in the performance of his official duties. Defendant was sentenced by the trial court to 91 days in jail, with all but 30 days suspended, a fine of $500, and 2 years of probation. On his appeal from judgment of conviction defendant seeks an outright reversal of his conviction on the ground that the state failed to prove the offense. Alternatively, he seeks a new trial on either or both of two grounds which he raises for the first time on appeal, first, that the prosecutor committed prejudicial misconduct in his closing argument, second, that the trial court's instructions were prejudicially erroneous. We affirm.

On the evening of October 1, 1981, a police officer responded to a call concerning a domestic dispute involving defendant and the woman with whom he was living. After calming down defendant and the woman, the officer returned to the station. At the station he learned that there was an outstanding bench warrant for defendant's arrest for child nonsupport.

The officer, accompanied by a sheriff's deputy, then went back to the house and told defendant that he was going to have to arrest him pursuant to the warrant. Defendant was agreeable and said that he would put on his shirt and shoes. The woman with whom defendant was living was hysterical and claimed that defendant was trying to kill her. She also showed the officers a cut on her leg, which she said defendant had intentionally inflicted.

Because the woman was so upset, the officer asked her to go into the bathroom while they were getting ready to leave with defendant.

Concluding that defendant was stalling, the officer told defendant to hurry. Finally, with the deputy leading the way, the officer began to escort defendant from the bedroom down the hall past the bathroom. When they got by the bathroom, defendant pushed the door open and said something to the woman, then pulled the door shut. The officer then pushed the door open again, apparently to tell the woman that they were leaving and to make sure that she was in control of herself.

It is undisputed that defendant hollered at the officer and told him that he had no right to open the door to the bathroom. A scuffle of some sort then occurred.

The officer's version is that defendant grabbed him by the arm and swung him around in the hall. Defendant's version was that he did not do much of anything and did not intentionally grab the officer. He denied that he at any time resisted the officer.

It took approximately 5 minutes to subdue defendant and place handcuffs on him.

1. The first issue on appeal is whether the evidence of defendant's guilt was legally insufficient.

Defendant's attorney on appeal argues that the state failed to prove that the arrest was lawful, that defendant used force or violence, that defendant interfered with police, that the act interfered with was the performance of an official or lawful duty, or that defendant acted unjustifiably.

▉ Even if the arrest was unlawful, a point we need not decide, that would not have been a defense. Minnesota law does not recognize defendant's asserted right to resist an unlawful arrest or search. *State v. Kittleson,* 305 N.W.2d 787 (Minn.1981); *In re Burns,* 284 N.W.2d 359 (Minn.1979); *State v. Hoagland,* 270 N.W.2d 778 (Minn. 1978). Thus, while a defendant would have a right to resist an officer in order to defend himself or another against unjustified bodily attack, assaultive conduct is not justifiable solely on the ground that the officers are violating the defendant's fourth amendment rights or on the ground that the defendant believes that the officers are violating his rights.

▉ The state had to prove that defendant used force or violence or the threat thereof, and we hold that it did so. Specifically, it established that defendant grabbed the officer and swung him around and that it took 5 minutes to subdue him. Defendant's argument that any resistance on his part was not directed at the arrest but at the officer's opening the bathroom door is not persuasive. The officer's act of opening the door to let the woman know that they were leaving and to check on her condition was within the scope of the officer's duties as a police officer and defendant's actions in response to that act were not justified.

2. (a) Defendant points to three main improper comments by the prosecutor in closing argument.

▉ Only one of these merits discussion, that being the prosecutor's statement that defendant threatened to kill the officer. What the prosecutor should have said and must have meant was that the woman told police that defendant had threatened to kill her. Defense counsel, an experienced criminal defense attorney, did not object, possibly because the misstatement did not stand out. The general rule is that a defendant is deemed to forfeit his right to have an issue such as this considered on appeal if his counsel fails to object at trial. If it were clear that the prosecutor intentionally misstated the evidence or that the misstatement played a key role in convicting defendant, we could reverse and grant defendant a new trial notwithstanding the failure to object. However, there is no indication that the misstatement was intentional. Further, the trial court instructed the jurors that the attorneys' remarks were not evidence and that the jurors should rely on their own recollection. The likelihood is therefore small that the misstatement played a significant role in convicting defendant.

(b) Defendant's other claim of trial error relates to the instructions. Defense counsel did not object to the instructions at trial but defendant now argues that the court erred in instructing the jury that the officers were peace officers engaged in their official duties and in failing to make it clear that a defendant is free to use reasonable force to resist an offense against himself or another.

The general rule is that the defendant is entitled to have all the elements of the offense submitted to the jury even if the evidence relating to those elements is uncontradicted. *State v. Carlson*, 268 N.W.2d 553 (Minn.1978). However, an instruction that fails to do this is not always prejudicial. Further, the rule requiring objection generally prevails even as to errors of this sort. If there were any *reasonable* argument that the officers were not acting reasonably in the performance of their official duties, then the case for reversal notwithstanding the failure to object would be stronger. As it is, we conclude that the error was not reversible.

Defendant's other argument is that the trial court failed to make it clear that a defendant has a right to resist an offense against himself or another. Again, defense counsel did not object to the instructions or request better instructions. Further, there was no evidence that the officers were committing an offense against defendant or against the woman.

Affirmed.