**STATE of Minnesota, Respondent,**

**v.**

**Kathleen Rose PATCH, Appellant.**

**No. CX–98–1451.**

Court of Appeals of Minnesota.

May 25, 1999.

Mike Hatch, Attorney General, St. Paul, MN; and Timothy R. Faver, Beltrami County Attorney, Randall R. Burg, David P. Frank, Assistant County Attorneys, Bemidji, MN (for respondent)

Tom Kuesel, Fuller, Baer, Wallner & Anderson, Bemidji, MN (for appellant)

Considered and decided by TOUSSAINT, Chief Judge, HALBROOKS, Judge, and FOLEY, Judge.*

## OPINION

HALBROOKS, Judge.

This appeal is from a judgment of conviction for obstructing legal process. *See* Minn.Stat. § 609.50, subd. 1(1) (1996). We reverse.

### FACTS

Appellant Kathleen Patch was convicted of obstructing legal process, a misdemeanor, for informing Susan Rich, who had outstanding arrest warrants, that police were on the way to arrest her.

Rich was wanted under three outstanding arrest warrants in connection with several forgery charges. When Rich entered a drug store in Blackduck, the owner recognized her and called police. Meanwhile, a private citizen who had been told of this police call, decided to check on the situation.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

The citizen followed Rich when she left the drug store and again when Rich returned. He then stationed himself across the street from the drug store, equipped with a cellular phone.

Rich testified that after she had returned to the drug store to retrieve something she thought she had left there, a woman whom she identified as Patch came up to her in the drug store and told her, "The cops are coming to get you." Patch helped her look for a back door to make her escape, then watched the front door for Rich. When they walked out of the drug store, Rich testified, Patch offered her a ride and was "pretty insistent" that she come with her. Rich, however, declined, and drove out of town by herself, fleeing at high speeds when a police officer drove into Blackduck to arrest her.

At the end of the state's case, the defense moved for a judgment of acquittal, arguing that under *State v. Krawsky*, 426 N.W.2d 875 (Minn.1988), a physical act was required in order to commit obstruction of legal process. The trial court denied the motion and later denied Patch's request for a jury instruction that the offense required a physical act. The jury found Patch guilty of obstructing legal process. The court sentenced her to 60 days in jail, with 40 days stayed.

## ISSUE

Is the evidence sufficient to support the conviction?

## ANALYSIS

Patch argues that the evidence is insufficient to support a conviction for obstructing legal process and that the trial court should have granted her motion for a judgment of acquittal. We agree.

■ In considering a challenge to the sufficiency of the evidence, this court's review is limited to determining whether the evidence, when viewed in the light most favorable to the verdict, is sufficient to allow the jurors to find the defendant guilty beyond a reasonable doubt. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989). But Patch's argument raises a question of statutory construction, which is a legal determination subject to de novo review. *See State v. Bunde*, 556 N.W.2d 917, 918 (Minn.App.1996).

The obstruction-of-legal-process statute under which Patch was convicted reads as follows:

Whoever intentionally does any of the following may be sentenced as provided in subdivision 2:

(1) obstructs, hinders, or prevents the lawful execution of any legal process, civil or criminal, or apprehension of another on a charge or conviction of a criminal offense * * *.

Minn.Stat. § 609.50, subd. 1(1) (1996).

The supreme court in a 1988 case rejected an overbreadth challenge to the statute, construing it narrowly as "directed solely at physical acts." *Krawsky*, 426 N.W.2d at 877. The court further stated that

as we interpret it, our statute is directed at a particular kind of physical act, namely, physically obstructing or interfering with an officer * * *.

*Id.* The court rejected the claim that the statute applied to verbal conduct, except to a very limited degree:

The statute may be used to punish "fighting words" or any other words that by themselves have the effect of physically obstructing or interfering with a police officer in the performance of his duties * * *.

*Id.*

■ Here, Patch was prosecuted for verbal conduct directed not at police but at a person police were pursuing. The state contends that this conduct violated the statute. The state argues that *Krawsky*'s narrow construction of the obstructing-legal-process statute does not apply following the 1989 amendment of the statute. The state also contends that even if *Krawsky* still applies, verbal conduct need not

be directed at police officers in order to satisfy *Krawsky*, as long as the verbal conduct has the *effect* of hindering a police officer in the performance of his duties. We disagree.

The obstructing-legal-process statute was amended in 1989, a year after *Krawsky* was released. 1989 Minn. Laws ch. 5, § 4. This amendment reorganized the statute into two subdivisions and separated by subclauses different ways of committing the offense. *Id.* But this new division centered on the nature of the official function being obstructed, not the nature of the conduct itself that is prohibited. *See* Minn.Stat. § 609.50, subd. 1(1) (prohibiting obstruction of lawful execution of legal process or apprehension of another); Minn.Stat. § 609.50, subd. 1(2) (1996) (prohibiting obstruction of peace officer engaged in performance of official duties). As to the offense charged here, the language defining the prohibited conduct, "obstructs, hinders or prevents," is the same as in the previous statute construed in *Krawsky*.

The state's argument that *Krawsky* does not apply to subdivision 1(1) of the current statute, under which Patch was convicted, is without merit. The *Krawsky* holding does not hinge on what type of official function is obstructed or prevented. In fact, the example cited in *Krawsky* of verbal conduct obstructing an official function involves an officer "pursuing a felon in a public street," *Krawsky*, 426 N.W.2d at 877, i.e., attempting to apprehend another, which is an official function now covered by subdivision 1(1).

We also reject the state's argument that verbal conduct not directed at police may violate the statute. The *Krawsky* court held that the statute was directed at "a particular kind of physical act," one that physically obstructed or interfered with an officer. *Id.* The court recognized only a very limited application of the statute to verbal conduct, requiring that the verbal conduct physically obstruct or impede the officer. *Id.* Patch's conduct did not have

any physical effect on the police pursuing Rich. Indeed, the state has not hypothesized any verbal conduct directed at a third person rather than at police that would have the physical effect *Krawsky* requires.

Patch's words to Rich, by prompting her flight, did indirectly hinder police apprehension of Rich. But the *Krawsky* opinion relies on the *effect* of conduct only to elevate certain verbal conduct (persistent, highly obstructive speech) to the equivalent of physical conduct. The opinion does not suggest that the nature of the conduct is irrelevant. On the contrary, it is impossible to read *Krawsky*'s careful definition of the conduct prohibited as anything but a recognition that the nature of the conduct is highly relevant.

This court's opinion in *State v. Occhino*, 572 N.W.2d 316, 320 (Minn.App.1997), *review denied* (Minn. Jan. 28, 1998), only reinforces this analysis. In *Occhino*, the defendant's conduct was persistent, highly obstructionist speech directed at a police officer and having the effect of physically interfering with the officer's performance of her duties. *Id.* This was the very type of verbal conduct *Krawsky* held was equivalent to obstructive physical conduct and therefore covered under the statute. But *Occhino* does not go further, as the state urges, and hold that *any* conduct having an indirect (non-physical) obstructive effect would violate the statute.

The state points out that Patch performed physical acts, in addition to informing Rich that police were on the way. According to Rich's testimony, Patch helped her look for a back door, walked her to the front door, and offered her a ride. But none of these physical acts had any direct effect on the police effort to apprehend Patch, and none was committed in the presence of police. *Cf. Frank's Livestock & Poultry Farm, Inc. v. City of Wells*, 431 N.W.2d 574, 577 (Minn.App. 1988) (noting in defense of analogous allegation of obstructing fire fighters that

deputy fire marshal whose call allegedly interfered with fighting of fire was "not physically present at the fire"), *review denied* (Minn. Jan. 25, 1989). *Krawsky* did not imply that any physical act, no matter how tangential or ineffective, that might accompany verbal conduct would satisfy the statute.

The state could have charged Patch with aiding an offender to avoid apprehension if it could prove Patch knew Rich had committed a felony. *See* Minn.Stat. § 609.495, subd. 1(a) (Supp.1997) (making it a crime to aid an offender to avoid arrest, trial, or punishment). The state could also have charged Patch with aiding and abetting Rich to flee a police officer in a motor vehicle. *See* Minn.Stat. §§ 609.05, 609.487, subd. 3 (1996 and Supp.1997). Either of these charges would have reflected the true nature of the conduct alleged, which was assistance given an offender, not obstruction presented to an officer.

We need not rely entirely on *Krawsky* in holding that Patch was prosecuted under the wrong legal theory. We note that, even before *Krawsky*, there appear to be no published cases in which a defendant was prosecuted for obstructing legal process for acts directed at someone other than the police officer(s) involved. Even in cases in which there has been no assault on the officer or physical resistance to the officer's commands, there has been a verbal threat or a refusal to perform a physical act commanded by the officer. *See State v. Hoagland*, 270 N.W.2d 778, 780 (Minn.1978) (defendants threatened officer and ordered him off their land); *State v. Whitcomb*, 413 N.W.2d 839, 840 (Minn. App.1987) (driver refused to hand over license or exit vehicle), *review denied* (Minn. Dec. 22, 1987).

Patch's conduct is outside the scope of the obstructing-legal-process statute. Therefore, the conviction must be reversed. We need not reach Patch's challenge to the denial of her request for a jury instruction applying *Krawsky*.

**D E C I S I O N**

The evidence is insufficient to prove an offense of obstructing legal process as defined by statute.

**Reversed.**