STATE of Minnesota, Respondent,

v.

Samuel Patrick MORIN, Appellant (A06–602),

Jason David Porteous, Appellant (A06–604),

James Luc Robert Drummond, Appellant (A06–605),

Jessica Joy Johnson, Appellant (A06–606).

Nos. A06–602, A06–604, A06–605, A06–606.

Court of Appeals of Minnesota.

June 26, 2007.

Review Denied Sept. 18, 2007.

Lori Swanson, Attorney General, St. Paul, MN, and Alan R. Felix, Bemidji City Attorney, Jeanine R. Brand, Assistant City Attorney, Bemidji, MN, for respondent.

Matthew E. Johnson, Special Assistant State Public Defender, Minneapolis, MN, for appellants.

Considered and decided by STONEBURNER, Presiding Judge; DIETZEN, Judge; and WORKE, Judge.

## OPINION

DIETZEN, Judge.

In this consolidated appeal, four appellants challenge their convictions of consumption of alcohol by a minor, and one appellant challenges an additional conviction of possession of marijuana, arguing that the district court erred in denying their joint motion to suppress. Additionally, one appellant challenges a conviction of obstruction of legal process on the ground that the evidence was insufficient to support a conviction. Because the district court properly applied the law and did not abuse its discretion in denying the motion

to suppress, we affirm the convictions of consumption of alcohol and possession of marijuana. But the evidence is not sufficient to support the conviction of obstruction of legal process, and, therefore, we reverse that conviction.

## FACTS

Appellants are students at Bemidji State University. The three male appellants—Samuel Morin, Jason Porteous, and James Drummond—are renters of a house located off campus. Appellant Jessica Johnson lives on the University campus, dated appellant Porteous at the time of the incident, and was sometimes a guest at the house.

On an evening in September 2005, appellants had a party. At about 2:00 in the morning, Bemidji police responded to a report of a fight in the vicinity of appellants' house. · Upon arriving, the officer observed people gathered in front of appellants' house and across the street. The police officer activated his squad car lights, got out of his car, and made eye contact with Johnson, who acted "startled." Johnson then ran away from the officer in the direction of the back of the house. The officer, uncertain of Johnson's involvement in any altercation, chased Johnson, yelling "stop" and "police" several times. When the officer approached the back entrance of the house, he observed the door swinging shut and Johnson fleeing up the stairs located just inside the doorway.

The officer opened the back door and pursued Johnson up the stairs, and when he knocked on a bedroom door he encountered Drummond and a female companion. The officer asked the female if she was the person he chased up the stairs, but she denied any involvement. Drummond argued with the officer regarding his right to be in the residence, refused to answer questions or produce identification, and at-tempted to shut the door in the officer's face. Drummond was then arrested and searched; drug paraphernalia and a small amount of marijuana were recovered. Drummond was later charged with possession of marijuana and obstructing legal process.

The officer proceeded to the other bedroom and located Johnson and Porteous. Johnson first denied being the individual the officer pursued but later admitted, "I don't know why I ran." Johnson, Porteous, and Drummond were escorted downstairs where Morin was located, and all were tested for consumption of alcohol. Each was later charged with consumption of alcohol by a minor. Johnson was also charged with obstructing legal process.

Appellants moved to suppress the evidence obtained by the police as the result of a warrantless search of their residence. Following a hearing, the district court denied the motion. The parties stipulated to a *Lothenbach* proceeding, and the district court found appellants guilty of the crimes charged. The district court imposed ten-day sentences for each appellant, which were stayed pending appeal. This appeal follows.

## ISSUES

1. Did the district court err by denying appellants' motion to suppress the evidence?

2. Was there sufficient evidence to convict Johnson of obstruction of legal process under Minn.Stat. § 609.50, subd. 1(2) (2004)?

## ANALYSIS

### I.

 Appellants argue that the district court erred in denying their joint motion

to suppress the evidence.[1] On appeal from a ruling on a motion to suppress evidence, this court independently reviews the facts and determines, as a matter of law, whether the district court erred in suppressing—or not suppressing—the evidence. *State v. Harris,* 590 N.W.2d 90, 98 (Minn.1999).

 The United States and Minnesota Constitutions protect persons against unreasonable searches and seizures in their "persons, houses, papers, and effects." U.S. Const. amend. IV; Minn. Const. art. I, 10. Thus, as a general rule, a warrant is required before law enforcement may enter a person's home. *State v. Lohnes,* 344 N.W.2d 605, 610 (Minn.1984). Accordingly, a warrantless search of a person's home is presumptively unreasonable. *Payton v. New York,* 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980); *State v. Lemieux,* 726 N.W.2d 783, 787 (Minn.2007). Absent consent, the presumption of unreasonableness can be rebutted only if the warrantless search is supported by probable cause and "exigent circumstances." *Coolidge v. New Hampshire,* 403 U.S. 443, 474–75, 91 S.Ct. 2022, 2042, 29 L.Ed.2d 564 (1971); *In re Welfare of D.A.G.,* 484 N.W.2d 787, 789 (Minn. 1992). Exigent circumstances exist in cases of hot pursuit, danger to human life, imminent destruction of evidence, and possible flight of the suspect. *Lohnes,* 344 N.W.2d at 610. If warrantless entry is made without probable cause and exigent circumstances, its fruit must be suppressed. *State v. Paul,* 548 N.W.2d 260, 264 (Minn.1996).

 Police in hot pursuit of a fleeing suspect do not need a warrant before entering a dwelling that the fleeing suspect has entered. *State v. Koziol,* 338 N.W.2d 47, 48 (Minn.1983). Or, to put it differently, a person may not defeat a warrantless arrest that has been set in motion in public by entering into a dwelling. *Id.* "Hot pursuit" means some sort of a chase, but "it need not be an extended hue and cry in and about the public streets." *United States v. Santana,* 427 U.S. 38, 43, 96 S.Ct. 2406, 2410, 49 L.Ed.2d 300 (1976) (quotation omitted).

Appellants do not challenge the district court's finding that the officer had probable cause to arrest Johnson because she was fleeing a police officer. But appellants do argue that the alleged offense was not sufficiently serious to satisfy the exigent-circumstances exception to a warrantless search. Appellants rely heavily on the case of *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). In *Welsh,* the United States Supreme Court concluded that a nighttime entry into a home to arrest an individual for driving under the influence of alcohol was prohibited under the Fourth Amendment. The Welsh Court concluded that before law enforcement may invade the sanctity of the home it must demonstrate exigent circumstances and that "an important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made." 466 U.S. at 753, 104 S.Ct. at 2099. In *Welsh,* the State of Wisconsin classified the offense as a non-criminal, civil-forfeiture offense for which no imprisonment was possible. The Court reasoned that the penalty established by the state is the best indicator of the seriousness of the offense that can be objectively applied by

---

1. Respondent argues Johnson lacks standing to challenge the warrantless entry into the residence of the other three appellants because she had no "reasonable expectation of privacy" in a dwelling that was not her own home. But short-term social guests have a reasonable expectation of privacy in their host's home. *See In re Welfare of B.R.K.,* 658 N.W.2d 565, 576 (Minn.2003).

law enforcement. The Court concluded that the warrantless entry could not be justified for a non-criminal traffic offense. *Id.* at 754, 104 S.Ct. at 2100.

In *State v. Paul,* the Minnesota Supreme Court examined the holding of *Welsh v. Wisconsin.* In *Paul,* the court upheld a conviction of driving under the influence of alcohol, holding, inter alia, that a police officer in hot pursuit of a person suspected of driving under the influence who has set the arrest in motion may make a warrantless entry into a suspect's home to effectuate the arrest. 548 N.W.2d at 265. The *Paul* court held that *Welsh* was factually distinguishable in two significant ways. First, unlike *Welsh,* the officer in *Paul* was in "hot pursuit" of the defendant. *Id.* at 266; *see also Santana,* 427 U.S. at 43, 96 S.Ct. at 2410 (holding that a suspect could not defeat an arrest set in motion in a public place by escaping into a private place).

Here, Johnson sought to thwart the investigation by running from the scene and hiding in the house. Like *Paul,* the officer in this case had set the arrest of Johnson in motion and was in "hot pursuit." Specifically, the officer yelled "police" and ordered Johnson to "stop" several times. The efforts by the officer to stop and question Johnson, based on his reasonable, articulable suspicion that she had material information about the fight, escalated into a criminal offense when she attempted to flee the scene and evade the officer. *See Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968) (stating that to justify an investigatory (*Terry*) stop, the police must "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion"). Thus, the police had set in motion the arrest of Johnson, and she could not defeat that police action by entering the dwelling.

Second, the *Paul* court distinguished *Welsh* on the ground that the offense in *Paul* was serious, which it classified as a criminal offense for which imprisonment is possible. *Paul,* 548 N.W.2d at 267. In contrast, *Welsh* involved a civil-forfeiture offense for which no imprisonment was possible. Here, the offense of "fleeing on foot" under Minn.Stat. § 609.487, subd. 6 (Supp.2005), is classified as a criminal offense for which imprisonment is possible. *See* Minn.Stat. § 609.02, subd. 3 (2006) (defining "misdemeanor" as a crime for which a sentence of not more than 90 days or a fine of not more than $1,000, or both, may be imposed). *Accord* Minn.Stat. § 629.34, subd. 1(c)(1), (d) (2006) (stating that a police officer may forcibly enter a home to make an arrest without a warrant when a public offense has been committed in the officer's presence). While the offense is classified as a misdemeanor, we conclude that it is non-minor and serious because the conduct seeks to evade the proper investigation of a crime.

Therefore, because an officer in "hot pursuit" is permitted to enter a suspect's home without a warrant to make an arrest when the suspect has committed a crime in the officer's presence, and a suspect may not thwart an arrest in progress by retreating into her home, the district court properly applied the law in denying appellants' motions to suppress.

## II.

Johnson argues that the evidence was not sufficient to convict her of obstructing legal process. Specifically, Johnson argues that the statute under which she was charged requires proof that she engaged in physical conduct directed at the officer. On the other hand, respondent argues that fleeing a police officer is sufficient to support a conviction of obstruction of legal process.

In considering a challenge to the sufficiency of the evidence, this court's review is limited to determining whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to find the defendant guilty beyond a reasonable doubt. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). But Johnson's argument raises a question of statutory construction, which is a legal determination subject to de novo review. *State v. Colvin,* 645 N.W.2d 449, 452 (Minn.2002). We construe a statute according to its "plain language." *Id.* (citing Minn.Stat. § 645.16 (2000)). Penal statutes must be construed strictly, with any reasonable doubt resolved in favor of the defendant. *State v. Olson,* 325 N.W.2d 13, 19 (Minn. 1982).

It is necessary to first determine what evidence is required for a conviction of obstruction of legal process. The statute under which Johnson was charged provides that whoever intentionally "obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties" commits obstruction of legal process. Minn.Stat. § 609.50, subd. 1(2) (2004). The statute previously defined the prohibited conduct as that which "obstructs, hinders, or prevents" the officer while engaged in the performance of official duties. Minn.Stat. § 609.50 (1986). The supreme court rejected an overbreadth challenge to that language, construing it narrowly as "directed solely at physical acts." *State v. Krawsky,* 426 N.W.2d 875, 877 (Minn. 1988). The court held that the statute was "directed at a particular kind of physical act, namely, physically obstructing or interfering with an officer." *Id.* The *Krawsky* court rejected the broad claim that the statute applied to all oral conduct, but construed the statute narrowly to apply to "fighting words" or other words that by themselves have the effect of physically obstructing or interfering with a police officer in the performance of his duties. *Id.*

But *Krawsky* did not directly address whether the conduct proscribed in the statute must be directed at the officer to support a conviction. We turn then to the language of the statute, which proscribes intentional conduct that "obstructs, resists, or interferes" with a police officer. Initially, we observe that there is a wide variety of activity not directed at police, that could have the *effect* of "obstruct[ing]," "resist[ing]," or "interfer[ing]" with a police officer. For example, conduct such as hiding from, evading, or avoiding a police officer could potentially fit within a broad reading of the phrase "obstructs, resists, or interferes." But the statute cannot be read so broadly as to include any act that merely reduces the ability of a police officer to successfully apprehend a suspect. *See State v. Tomlin,* 622 N.W.2d 546, 549 (Minn.2001) (holding that defendant's lies to police, although they may have interrupted or prolonged the investigation, did not physically obstruct the officers and, therefore, did not constitute obstruction of legal process); *see also Dunham v. Roer,* 708 N.W.2d 552, 568 (Minn.App.2006) (stating that due process requires a criminal statute define an offense with sufficient definiteness that persons of ordinary intelligence can understand what conduct is prohibited and that arbitrary and discriminatory enforcement is not encouraged), *review denied* (Minn. Mar. 28, 2006). We have held that oral acts that were directed at third parties rather than directly at police, were not covered by the obstruction-of-legal-process statute. *State v. Patch,* 594 N.W.2d 537, 539–40 (Minn.App. 1999).

In *Patch,* the defendant was charged under the obstruction statute for warning a person with outstanding arrest warrants

that police were pursuing her, helping her look for an escape route, serving as a lookout, and offering her a ride as a means of fleeing police. *Id.* at 538. This court noted that the defendant's oral conduct was "directed not at police but at a person police were pursuing" and that defendant's "physical acts had [no] direct effect on the police effort to apprehend [the suspect], and none was committed in the presence of police." *Id.* at 538–39. We concluded that defendant's conduct was outside the scope of the statute and reversed the conviction. Thus, our holding in *Patch* supports the conclusion that the statute applies only to conduct directed at police officers engaged in the performance of official duties.

Thus, we construe the statute narrowly to proscribe conduct directed at the police officer that "obstructs, resists, or interferes" with the police officer in the performance of official duties under the statute. Our holding is supported by the direction taken by the supreme court in *Krawsky* and our decision in *Patch*. We observe that fleeing a police officer is not constitutionally protected conduct and is the subject of a separate criminal offense. *See generally State v. Ingram*, 570 N.W.2d 173 (Minn.App.1997) (holding that flight from police is an intervening circumstance that purges any illegal police conduct of its taint for Fourth Amendment purposes), *review denied* (Minn. Dec. 22, 1997); *see* Minn.Stat. § 609.487, subd. 6. Fleeing a police officer, although a physical act, is of a significantly different nature from obstructing or resisting a police officer.

■ Finally, the state argues that the 1989 amendment adding "obstructs" and "resists" to the term "interferes" broadened the reach of the statute so as to include fleeing a police officer. We disagree. "Obstructs" and "resists" are terms that, at least in the context of the

duties police officers perform, connote physical activity directed at the officer even more strongly than does the term "interferes." *See generally State v. Wick*, 331 N.W.2d 769, 771 (Minn.1983) (equating the verb "resist" with "assaultive conduct"); *cf. Bergeson v. U.S. Fidelity & Guar. Co.*, 414 N.W.2d 724, 727 (Minn. 1987) (holding that statute prohibiting obstruction of employee's pursuit of workers' compensation benefits applies to passive as well as active conduct); *State v. Skipintheday*, 704 N.W.2d 177, 181 (Minn.App.2005) (construing accomplice-after-the-fact statute to apply to conduct that thwarts the "detection, investigation, or prosecution" of a crime), *aff'd*, 717 N.W.2d 423 (Minn. July 13, 2006).

Here, Johnson engaged in the act of fleeing police officers. She did not direct any physical activity at the responding officers that could have obstructed their investigation and did not say anything to them. Thus, Johnson's conduct did not violate the obstruction-of-legal-process statute.

## DECISION

Because the district court properly applied the law and did not abuse its discretion in denying the motion to suppress, we affirm the convictions of consumption of alcohol and possession of marijuana. But we conclude that the evidence is not sufficient to support a conviction that Johnson intentionally committed a physical or oral act directed at the peace officers that obstructed, resisted, or interfered with the officers' performance of official duties, and, therefore, we reverse that conviction.

**Affirmed in part and in reversed in part.**