STATE of Minnesota, Respondent,

v.

Kery Marie PEDERSON, Appellant.

No. A12–2221.

Court of Appeals of Minnesota.

Dec. 9, 2013.

Lori Swanson, Attorney General, St. Paul, Minnesota; and Brian J. Melton, Clay County Attorney, Heidi M.F. Davies, Assistant County Attorney, Moorhead, Minnesota (for respondent).

Cathryn Middlebrook, Interim Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Considered and decided by STONEBURNER, Presiding Judge; HUDSON, Judge; and HOOTEN, Judge.

## OPINION

HUDSON, Judge.

Appellant challenges her gross-misdemeanor convictions of assault on a peace officer and obstructing legal process, arguing that the circumstantial evidence is insufficient to prove that she intended to inflict, or attempt to inflict, bodily harm on the officer and that her conduct did not meet the required elements for conviction of obstructing legal process under Minn. Stat. § 609.50, subd. 1(1) (2010). Because the evidence is sufficient to support appellant's conviction of assault, we affirm that conviction. But because appellant's conduct did not obstruct or hinder action taken in connection with the lawful execution of legal process or apprehension of another related to that process, as required under subdivision 1(1), we reverse appellant's obstructing-legal-process conviction and remand for resentencing.

## FACTS

Two Moorhead police officers, responding to a report of a possible domestic assault, heard loud yelling coming from an apartment. When they knocked on the door, appellant Kery Marie Pederson opened it, appearing intoxicated and upset. The officers noticed that she had a small amount of blood on her finger, but they could not identify its source. Appellant stepped out into the hallway and immediately tried to shut the door, but an officer placed a foot in the door to prevent it from shutting. Appellant appeared evasive and would not answer the officers' questions; although she told them that she was home alone, they could hear loud rustling from inside the apartment. Believing that she may need assistance, they decided to enter the apartment. Appellant tried to block their entry, and an altercation ensued. While one officer checked the apartment, the other officer restrained appellant. She

attempted to free herself and, in the process, she kicked the officer on the head, behind the ear. He later told the other officer that he "saw stars."

The officers arrested appellant, and the state charged her with one count of gross-misdemeanor fourth-degree assault on a peace officer, in violation of Minn.Stat. § 609.2231, subd. 1 (2010), and one count of gross-misdemeanor obstructing legal process, in violation of Minn.Stat. § 609.50, subd. 1(1) (2010). At appellant's motion hearing to suppress evidence resulting from the warrantless entry and seizure, the restraining officer testified that he wrestled appellant to the ground when she began to run after the other officer, and that as she was being held, she wrapped her feet around his waist and locked her feet together. He testified that when he broke free and attempted to move her, she kicked him on the left side of the head.

Appellant testified that she may have been yelling because she was angry that her boyfriend walked in on her with another man and that when the officers arrived, a male was there, but he jumped out a back window. She stated that although she was intoxicated, she remembered most of what happened, and she may have initiated physical contact when the officers pushed the door open. She testified that she was "pretty uncooperative," but that she did not want the officers there, and she believed she did not need to talk to them.

The district court denied the motion to suppress, concluding that the officers were justified in making a warrantless entry because they had an objectively reasonable basis to believe that an occupant was imminently threatened with serious injury. The parties agreed to submit the matter on stipulated facts, and the district court found appellant guilty of both counts. The district court sentenced appellant to 365 days in jail, with 320 days stayed for two years, and the sentence stayed pending appeal. This appeal follows.

## ISSUES

I. Is the circumstantial evidence sufficient to sustain appellant's conviction of fourth-degree assault?

II. Do appellant's actions fall within the scope of conduct prohibited by Minn. Stat. § 609.50, subd. 1(1), obstructing legal process?

## ANALYSIS

### I

An appellate court reviews a sufficiency-of-the-evidence claim by determining whether legitimate inferences drawn from the evidence would allow a fact-finder to conclude that the defendant was guilty beyond a reasonable doubt. *State v. Pratt,* 813 N.W.2d 868, 874 (Minn.2012). We will not overturn a guilty verdict "if, giving due regard to the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt, the [fact-finder] could reasonably have found the defendant guilty of the charged offense." *State v. Leake,* 699 N.W.2d 312, 319 (Minn. 2005). We apply the same standard of review when reviewing a case tried to the court as when reviewing a jury verdict. *State v. Palmer,* 803 N.W.2d 727, 733 (Minn.2011).

■■■ A conviction of fourth-degree gross misdemeanor assault of a peace officer requires that a person intentionally inflict or attempt to inflict bodily harm on a peace officer. Minn.Stat. § 609.2231, subd. 1; *see also* Minn.Stat. § 609.02, subd. 10(2) (2012). "Bodily harm" is defined as "physical pain or injury, illness, or any impairment of physical condition." Minn.Stat. § 609.02, subd. 7 (2012). The Minnesota Supreme Court has held that

"assault-harm, as defined by Minn.Stat. § 609.02, subd. 10(2) is a general-intent crime." *State v. Fleck,* 810 N.W.2d 303, 309–10 (Minn.2012). A general-intent crime does not require an "intent to cause a particular result," *id.* at 308 (quotation omitted); it "requires only that the defendant engaged intentionally in specific, prohibited conduct." *In re Welfare of C.R.M.,* 611 N.W.2d 802, 808 n. 10 (Minn.2000). The defendant must have engaged in a volitional act and not merely acted accidentally. *Fleck,* 810 N.W.2d at 312.

 Because intent involves a state of mind, it is generally established circumstantially. *State v. Davis,* 656 N.W.2d 900, 905 (Minn.App.2003), *review denied* (Minn. May 20, 2003). When reviewing a conviction based on circumstantial evidence, we use a two-step analysis to determine whether the evidence was sufficient to sustain the conviction. *State v. Hayes,* 831 N.W.2d 546, 552–53 (Minn.2013). First, we examine the circumstances proved, deferring to the fact-finder's acceptance of proof of those circumstances and rejection of conflicting evidence. *State v. Andersen,* 784 N.W.2d 320, 329 (Minn.2010). We then "independently examine the reasonableness of the inferences to be drawn from [those] circumstances." *Pratt,* 813 N.W.2d at 874. In this examination, we consider inferences of both innocence and guilt; all of the circumstances proved must be consistent with guilt and inconsistent with any rational hypothesis negating guilt. *Andersen,* 784 N.W.2d at 329–30. But we will not overturn a conviction based on mere conjecture. *Id.* at 330.

Here, the state proved that the officers entered appellant's apartment without her permission to perform a welfare check; that one officer restrained appellant when she attempted to follow the other officer through the apartment; and that as she attempted to escape from restraint, she kicked the restraining officer forcefully in the head. Appellant argues that these circumstances are consistent with an alternative rational hypothesis that she did not act volitionally to kick the officer, but only hit him accidentally after he wrestled her to the ground. But given the circumstances proved, including appellant's active resistance to restraint and the force of her kick to the officer's head, we conclude that appellant's alternative hypothesis negating guilt is not rational, and the evidence is sufficient to sustain her conviction of fourth-degree assault on a peace officer.

## II

 Appellant argues that the evidence is insufficient to convict her of obstructing legal process under Minn.Stat. § 609.50, subd. 1(1), because she did not commit conduct prohibited by that subdivision. The scope of the conduct forbidden by a statute presents an issue of statutory construction, which this court considers de novo. *State v. Morin,* 736 N.W.2d 691, 697 (Minn.App.2007), *review denied* (Minn. Sept. 18, 2007).

Our goal in statutory interpretation is to ascertain and give effect to legislative intent. *Sanchez v. State,* 816 N.W.2d 550, 556 (Minn.2012); *see* Minn.Stat. § 645.16 (2012). "When interpreting a statute we must give the statute's words and phrases their plain and ordinary meaning." *State v. Peck,* 773 N.W.2d 768, 772 (Minn.2009). "If the meaning of the statute is 'clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.'" *State v. Vue,* 797 N.W.2d 5, 17 (Minn.2011) (quoting Minn.Stat. § 645.16 (2010)).

A person may be convicted of obstructing legal process under subdivision 1(1) if that person "obstructs, hinders, or prevents the lawful execution of any legal process, civil or criminal, or apprehension

of another on a charge or conviction of a criminal offense." Minn.Stat. § 609.50, subd. 1(1). The district court found appellant guilty of violating that subdivision, based on her conduct of "continu[ing] to fight, grab, and physically obstruct [the officers'] entry into her apartment with her body." Significantly, appellant was not charged with, or found guilty of, violating subdivision 1(2), "obstruct[ing], resist[ing], or interfer[ing] with a peace officer while the officer is engaged in the performance of official duties." Minn.Stat. § 609.50, subd. 1(2) (2010). Therefore, we consider only whether appellant's conduct violated the requirements of subdivision 1(1).

In examining the plain meaning of words and phrases in a statute, we may consider their dictionary definitions. *Vue,* 797 N.W.2d 5, 17 (Minn.2011). "Process" has been defined as "proceedings in any action or prosecution" or "[a] summons or writ, esp[ecially] to appear or respond in court." *Black's Law Dictionary* 1242 (8th ed.1999); *see Wolf v. McKinley,* 65 Minn. 156, 158, 68 N.W. 2, 3 (Minn.1896) (stating that " '[p]rocess' does not necessarily mean 'writ' or 'summons,' but is often used in the sense of 'proceedings' ") (quotation omitted). The execution of process may also relate to an arrest. *See Rauma v. Lamont,* 82 Minn. 477, 481, 85 N.W. 236, 237 (1901) (holding, with respect to an arrest, that "[a]n officer, in the execution of process, has no right to use unnecessary force and violence"). Therefore, we conclude that the plain language of subdivision 1(1) requires that to violate that subdivision, a person must commit conduct that obstructs or hinders the lawful execution of legal process or apprehending a person in connection with that process, not merely conduct that more generally interferes with a peace officer's official duties. *Compare* Minn.Stat. § 609.50, subd. 1(1), *with* Minn.Stat. § 609.50, subd. 1(2).

The state argues that appellant's conduct fell within the scope of subdivision 1(1) based on Minnesota caselaw. *See State v. Krawsky,* 426 N.W.2d 875, 877 (Minn.1988) (concluding that a previous version of the obstructing-legal-process statute, Minn.Stat. § 609.50 (1986), prohibited conduct that included fighting words, which could have the effect of physically obstructing or interfering with an officer's performance of official duties). But *Krawsky* was decided before 1989, when the Minnesota legislature "reorganized the statute into two subdivisions and separated by subclauses different ways of committing the offense." *State v. Patch,* 594 N.W.2d 537, 539 (Minn.App.1999) (citing 1989 Minn. laws ch. 5, § 4). "[T]his new division centered on the nature of the official function being obstructed." *Id.*

The state maintains that, despite the reorganization, the focus of the statute remains the nature of the defendant's conduct, not the nature of police duties that are being disrupted. *See, e.g., State v. Tomlin,* 622 N.W.2d 546, 549 (Minn.2001) (holding that the evidence was insufficient to support a conviction under either subdivision when the defendant's conduct of lying to police did not physically obstruct an investigation); *Patch,* 594 N.W.2d at 540 (concluding that conduct of assisting a person with outstanding warrants, which was committed outside the presence of police, did not support a conviction under subdivision 1(1)). But these cases do not address the issue presented here: whether a person may be found to have violated subdivision 1(1) if that person's conduct obstructs duties that do not relate to the execution of legal process.

■ "An amendment to a statute is generally presumed to change the law." *State v. Tanksley,* 809 N.W.2d 706, 711 n. 5 (Minn.2012) (quotation omitted). We may

presume that the 1989 amendment to the obstructing-legal-process statute, which added language and reorganized the statute, changed the law by specifically defining the nature of the official function that must be disrupted in order to support a conviction under each subdivision. *Id.; see Patch,* 594 N.W.2d at 539. In addition, adopting the state's interpretation of the amended statute would essentially render meaningless the articulated distinction between police duties that must be obstructed for a conviction under subdivision 1(1) and subdivision 1(2), respectively. *See* Minn.Stat. § 645.16 ("Every law shall be construed, if possible, to give effect to all its provisions.").

In this case, although appellant's actions interfered with police investigation of a possible domestic assault, the state failed to prove beyond a reasonable doubt that the conduct hindered, obstructed, or interfered with legal process, or the apprehension of another person on a charge or conviction, which is required for a conviction of subdivision 1(1). *See* Minn.Stat. § 609.50, subd. 1(1). When appellant assaulted the officer, the police were not serving process on her or another person in the apartment, no legal action was pending, and they were not attempting to make an arrest. Therefore, we conclude that the evidence does not sustain appellant's conviction of obstructing legal process under Minn.Stat. § 609.50, subd. 1(1), and we reverse that conviction and remand for resentencing in accordance with this opinion.

## DECISION

The evidence is sufficient to support the district court's finding of appellant's guilt of fourth-degree assault on a peace officer. But because appellant's actions do not fall within the scope of conduct prohibited under Minn.Stat. § 609.50, subd. 1(1), which

requires conduct that interferes with the execution of legal process or apprehension of a person on a criminal charge or conviction, we reverse appellant's conviction of obstructing legal process.

**Affirmed in part, reversed in part, and remanded.**