STATE of Minnesota, Respondent,

v.

Robert Arthur LITZAU, Appellant.

A16-0907

Court of Appeals of Minnesota.

Filed March 27, 2017

Lori Swanson, Attorney General, St. Paul, Minnesota; and Christopher J. Strandlie, Cass County Attorney, Jeanine R. Brand, Assistant County Attorney, Walker, Minnesota (for respondent).

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Rodenberg, Judge; and Smith, John, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

RODENBERG, Judge

Appellant Robert Litzau appeals from his conviction of obstruction of legal process by force or violence under Minn. Stat. § 609.50, subd. 1(2). He argues that he did not violate section 609.50, subd. 1(2), because the peace officer he is claimed to have obstructed was not "engaged in the performance of official duties." Appellant also argues that the statute under which he is charged does not prohibit obstructing one's own arrest. We affirm.

## FACTS

As of July 30, 2015, appellant was serving the supervised-release portion of a commitment to the Minnesota Department of Corrections (DOC). His independent supervised release (ISR) agent issued an order that appellant be detained for violating his release conditions by having contact with a child.[1] The ISR agent asked the Cass County Sheriff's Department for assistance in "picking up" appellant. An officer accompanied the ISR agent to apprehend appellant at appellant's house.

When the ISR agent and the officer arrived at appellant's house, they told appellant that there was a warrant for his arrest. Appellant responded by walking, and then running, away from the officer and agent. The officer followed appellant. After a short but vigorous struggle, the officer handcuffed and arrested appellant.

Appellant was charged with obstruction of legal process by force or violence under Minn. Stat. § 609.50, subd. 1(2), and with fleeing a police officer by means other than

a motor vehicle under Minn. Stat. § 609.487, subd. 6 (2014). Appellant was convicted on both counts after a court trial. This appeal followed.

## ISSUES

I. Do a peace officer's "official duties" under Minn. Stat. § 609.50, subd. 1(2), include discretionary arrests?

II. When it is necessary to construe a statute to resolve a sufficiency-of-the-evidence challenge to a conviction, is the statutory-construction issue forfeited by appellant's having failed to raise the statutory-construction argument to the district court?

III. Does Minn. Stat. § 609.50, subd. 1(2), prohibit a person from obstructing and resisting a peace officer effectuating that person's arrest?

## ANALYSIS

**I. A peace officer's "official duties" under Minn. Stat. § 609.50, subd. 1(2), include discretionary arrests.**

▪ Appellant was charged with obstructing, resisting, or interfering with a peace officer "engaged in the performance of official duties." Minn. Stat. § 609.50, subd. 1(2). Appellant does not dispute that the officer was a peace officer, but he argues that the state failed to prove that the officer was engaged in the performance of official duties on July 15. Appellant asks us to define "duty" as something that an officer is required to do. Appellant properly frames this as a sufficiency-of-the-evidence claim which at its core pres-

---

1. The precise nature of the DOC order to detain appellant is unclear from the record. At points in the record, it is referred to as a "warrant," an "arrest warrant," and an "order for detention." The complaint recites that an "arrest warrant" was issued for appellant as of the date of this incident. We see no

arrest warrant in the file on appeal. But whatever the precise nature of the DOC order, it is unquestioned on appeal that appellant was under DOC supervision as a convicted predatory offender, with release conditions that the ISR agent had cause to believe appellant had violated.

ents a question of whether the state proved the statutory definition of the charged offense. We therefore review de novo. *State v. Hayes*, 826 N.W.2d 799, 803 (Minn.2013).

Appellant's argument is similar to one that we recently addressed in *State v. Shimota*, 875 N.W.2d 363 (Minn.App.2016), *review denied* (Minn. Apr. 27, 2016). In *Shimota*, the appellant argued that "[i]f an arrest is not mandated . . . then it is not a duty" under Minn. Stat. § 609.50, subd. 1(2). 875 N.W.2d at 372. We rejected that argument, holding that such an interpretation "would render the statute essentially useless" since "[a]lmost all of a police officer's enforcement duties—including virtually all warrantless arrests—are discretionary." *Id.* We also held that the state need not prove that an arrest was mandatory, because the statute prohibits resisting even illegal arrests, and "if the state need not prove that the obstructed arrest was *legal*, it need not, *ipso facto*, prove further that the obstructed arrest was mandatory." *Id.* at 373 (citing *State v. Wick*, 331 N.W.2d 769, 771 (Minn.1983)). Our reasoning in *Shimota* resolves the argument here. The state did not have to prove that the peace officer was *required* to arrest appellant in order to show that he was "engaged in the performance of official duties" at the time.[2] The peace officer here was "engaged in the performance of official duties" during the arrest on July 30.

## II. Minn. Stat. § 609.50, subd. 1(2), prohibits obstructing one's own arrest.

### A. Appellant's argument

Appellant argues that Minn. Stat. § 609.50, subd. 1(2), does not prohibit ob-

structing one's own arrest. He reasons that:

(1) Minn. Stat. § 609.50, subd. 1(1), specifically prohibits obstructing the arrest of another person charged with or convicted of a crime, while subdivision 1(2) only generally prohibits obstruction of an officer engaged in the performance of "official duties." Minn. Stat. § 609.50, subd. 1(1), 1(2).

(2) Canons of statutory construction provide that specific terms prevail over general terms, and we must therefore construe subdivision 1(1) as regulating all obstruction-of-arrest charges, limiting subdivision 1(2) to the regulation of all other claims of obstruction with a peace officer's official duties. Minn. Stat. § 645.26, subd. 1. (2016).

(3) Because the portion of the statute regulating obstruction of arrests pertains only to obstructing apprehension "of another," appellant cannot be convicted of obstructing or resisting his own arrest under subdivision 1(2).

The state argues that appellant forfeited this argument by not raising it below. It also disputes appellant's statutory-interpretation argument on its merits.

### B. Appellant did not forfeit his statutory-construction argument by failing to raise it in the district court.

 Whether appellant forfeited the statutory-construction issue by not raising it to the district court is a threshold question. The state is correct that we generally will not consider new issues raised for the first time on appeal. *Roby v. State*, 547 N.W.2d 354, 355 (Minn.1996). But it is our responsibility to "decide cases in accor-

---

2. For these reasons, we need not further consider the precise nature or legal effect of the detention order discussed in note 1, *supra.* Even if an arrest is warrantless, and even if it is not authorized by law, it is nevertheless unlawful to obstruct, resist, or interfere with the arrest.

dance with law, and that responsibility is not to be diluted by counsel's . . . failure to specify issues." *State v. Hannuksela,* 452 N.W.2d 668, 673 n.7 (Minn.1990). When the interests of justice require it, we may consider issues not raised by the parties below. *Moorhead Econ. Dev. Auth. v. Anda,* 789 N.W.2d 860, 875 (Minn.2010). An appellate court properly considers issues of statutory construction not raised to the district court in cases where statutory construction is essential to evaluating whether the evidence is sufficient to support a conviction. *State v. Vasko,* 889 N.W.2d 551, 555-556 (Minn.2017). Even though appellant failed to raise this statutory-construction argument to the district court, we address the argument on its merits because it raises a sufficiency-of-the-evidence question, and the interests of justice require us to address it. If appellant's conduct is not criminal under the statute pursuant to which he is charged, then we cannot properly affirm the conviction on forfeiture grounds. *Id.*

### C. Minn. Stat. § 609.50, subd. 1(2), prohibits obstructing one's own arrest.

 "The scope of the conduct forbidden by a statute presents an issue of statutory construction, which this court considers de novo." *State v. Pederson,* 840 N.W.2d 433, 436 (Minn.App.2013). "If the Legislature's intent is clear from the statute's plain and unambiguous language, then we interpret the statute according to its plain meaning without resorting to the canons of statutory construction." *State v. Rick,* 835 N.W.2d 478, 482 (Minn.2013).

Appellant's argument invites us to apply the canons of construction to find ambiguity where none exists. Minn. Stat. § 609.50, subd. 1(2), is unambiguous, and we need not compare it to subdivision 1(1) to determine its meaning. It prohibits any person's conduct that "obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties." *Id.* When an officer is effectuating an arrest, obstructing or resisting that arrest violates the statute. Minnesota courts have consistently applied this section to prohibit obstructing, resisting, or interfering with one's own arrest. *State v. Myers,* 627 N.W.2d 58, 60-61 (Minn.2001) (affirming a conviction where appellant attempted to escape from the back of a squad car after being arrested); *Shimota,* 875 N.W.2d at 365 (affirming a conviction where appellant resisted an officer's attempt to remove her from a car for a field sobriety test); *cf. State v. Morin,* 736 N.W.2d 691, 698 (Minn.App.2007) (holding that the evidence was insufficient to support a conviction under Minn. Stat. § 609.50, subd. 1(2), where appellant attempted to thwart her own arrest by fleeing into her home), *review denied* (Minn. Sept. 18, 2007).

The criminal code may prohibit the same conduct in different sections without rendering either section superfluous or ambiguous, as long as the sections do not conflict. *See* Minn. Stat. § 645.26, subd. 1 (only applying the rule that special provisions of law prevail over general provisions when the provisions are in conflict). A construction of Minn. Stat. § 609.50, subd. 1(2), according to its plain-language prohibition of obstructing or resisting one's own arrest creates no conflict with the specific prohibition in subdivision 1(1) on interfering with another person's arrest.

 Creative though it is, we reject appellant's argument. Minn. Stat. § 609.50, subd. 1(2), plainly applies to a person who obstructs or resists an officer arresting that person as part of that officer's official duties.

## DECISION

Appellant did not forfeit the issue of whether Minn. Stat. § 609.50, subd. 1(2), prohibits obstructing one's own arrest, even though it was argued for the first time on appeal. Because the plain language of subdivision 1(2) prohibits obstructing or resisting one's own arrest, the evidence is sufficient to support appellant's conviction where it shows the peace officer was making the arrest as part of his official duties.

**Affirmed.**