*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1177**

In the Matter of the Welfare of: A. A. S., Child.

**Filed April 22, 2024
Affirmed
Slieter, Judge**

Rice County District Court
File No. 66-JV-22-2210

Cathryn Middlebrook, Chief Appellate Public Defender, Melissa A. Haley, Assistant Public Defender, St. Paul, Minnesota (for appellant A.A.S.)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brian M. Mortenson, Rice County Attorney, Sean R. McCarthy, Assistant County Attorney, Faribault, Minnesota (for respondent State of Minnesota)

Considered and decided by Wheelock, Presiding Judge; Slieter, Judge; and Schmidt, Judge.

## NONPRECEDENTIAL OPINION

**SLIETER**, Judge

Appellant A.A.S. challenges his delinquency adjudication of the offense of obstructing legal process, arguing that the adjudication must be reversed for insufficient evidence that his conduct obstructed, hindered, or prevented the lawful execution of legal

process.[1]  Because appellant's conduct obstructed the lawful execution of legal process, we affirm.

**FACTS**

In September 2022, respondent State of Minnesota charged appellant with obstructing legal process in violation of Minn. Stat. § 609.50, subd. 1(1) (2020), for an incident that occurred on May 18, 2022.  The following facts derive from the April 2023 court trial.

On May 18, 2022, the Northfield Police Department received a report of a truck with an attached cargo trailer without license plates and loud noise outside of a residence. Before responding to the reported address, officers checked to see if anyone associated with the residence had warrants for their arrest and learned that appellant's father, whom officers knew from previous interactions, had an active arrest warrant.  When officers arrived at the reported address, they observed appellant's father standing near the passenger door of the vehicle.  Appellant was standing nearby.

Officers approached appellant's father, confirmed his identity, and informed him that there was a warrant for his arrest and that he was under arrest.  Appellant's father did not believe that he had an arrest warrant.  As officers attempted to arrest appellant's father, appellant stepped toward the officers, getting within one foot of them.  The officers told

---

[1] Appellant does not challenge the designation of this misdemeanor as a delinquency adjudication instead of a petty offense.  *See* Minn. Stat. § 260B.001, subd. 1 (2020) (providing that certain juvenile offenses may be designated as a delinquency).  Because appellant appears to have two prior misdemeanor adjudications, Minn. Stat. § 260B.007, subd. 16(c)(4) (2020), we presume the delinquency designation to be proper.

appellant to "back off." Appellant did not comply. As appellant's father was interfering, by his movements, with the officers' efforts to handcuff him, appellant lunged toward his father, grabbing at his father's waistband. Because "reaching for someone's waistband could result in possibly a weapon," officers attempted to move between appellant and his father and, again, told appellant to "back off." As an officer attempted to move appellant back, appellant pushed against the officer's chest, which led that officer to bring appellant to the ground.

The district court found appellant guilty of obstructing legal process. Appellant appeals.

## DECISION

When considering a challenge to the sufficiency of the evidence, we apply the same standard of review to court and jury trials. *In re Welfare of M.E.M.*, 674 N.W.2d 208, 215 (Minn. App. 2004). We "view[] the evidence in the light most favorable to the state and decide[] whether the fact-finder could have reasonably found the defendant guilty." *Id.* Findings of fact will be "upheld unless clearly erroneous." *Id.*

Appellant challenges the sufficiency of the evidence, arguing that the state failed to prove that his conduct obstructed legal process.

To obtain an adjudication for obstructing legal process in violation of Minn. Stat. § 609.50, subd. 1(1), the state must prove that appellant "intentionally . . . obstruct[ed], hinder[ed], or prevent[ed] the lawful execution of any legal process, civil or criminal, or apprehension of another on a charge or conviction of a criminal offense." Physically obstructing or interfering is conduct that "frustrate[s] or hinder[s] the officer in the

3

performance of his duties." *State v. Krawsky*, 426 N.W.2d 875, 877 (Minn. 1988). Physical acts that do not have a "direct effect on the police effort to" effectuate their duties and are not "committed in the presence of police," do not satisfy Minn. Stat. § 609.50, subd. 1(1). *State v. Patch*, 594 N.W.2d 537, 539 (Minn. App. 1999). Thus, conduct such as merely fleeing an officer does not satisfy Minn. Stat. § 609.50, subd. 1(1). *State v. Morin*, 736 N.W.2d 691, 698 (Minn. App. 2007), *rev. denied* (Minn. Sept. 18, 2007).

Video taken from an officer's body-worn camera was the sole exhibit received at appellant's court trial. The video shows that officers confirmed appellant's father's identity when they arrived and informed him that he had a warrant for his arrest and that he would be taken into custody. Appellant testified that he knew officers were attempting to arrest his father pursuant to an active warrant. The district court observed from the video that appellant's father was not cooperative and that appellant became agitated. The video further shows that appellant lunged toward his father's waistband, thereby physically inserting himself between his father and the officers as they were in the process of arresting his father.

An officer testified that appellant's conduct turned a tense situation into a possibly dangerous one because the officers had not been able to search appellant's father for weapons, and appellant testified that he understood that reaching toward a person's waistband while they were being arrested could be dangerous. Because appellant physically inserted himself between the officers and his father, one of the officers forced appellant to stay on the ground while the other effectuated the arrest. Appellant's conduct, therefore, hindered the officer's ability to arrest appellant's father by forcing one of the

4

officers to divert their attention away from appellant's father to ensure that appellant would not interfere in his father's arrest.

Though appellant testified that he intended on "push[ing] the officer back a little bit because that was unnecessary, the amount of pressure he was putting on [appellant's] father," he denied the intention of stopping the officers from executing the warrant.

We do not question the weight of the video evidence, see *State v. Franks*, 765 N.W.2d 68, 73 (Minn. 2009), and we presume the district court found the officer's testimony credible, see *State v. Watkins*, 650 N.W.2d 738, 741 (Minn. App. 2002). Thus, viewing the evidence in the light most favorable to the conviction, the district court reasonably concluded that appellant obstructed legal process. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Still, appellant claims that his adjudication must be reversed because the state failed to prove that the execution of the undisclosed arrest warrant was lawful. We are not persuaded.

"An arrest may be made[] by a peace officer under a warrant." Minn. Stat. § 629.30, subd. 2 (2022). And "[a]n arrest by a peace officer acting under a warrant is lawful even though the officer does not have the warrant in hand at the time of the arrest." Minn. Stat. § 629.32 (2022).

Officers learned that appellant's father had an active arrest warrant before responding to the reported address. Officers testified that they were familiar with appellant's father from previous encounters. When officers arrived, they confirmed appellant's father's identity, informed him that they had a warrant for his arrest, and that

5

he would be taken into custody pursuant to the arrest warrant. The evidence, therefore, sufficiently shows that the officers were "lawfully" executing legal process.

Appellant suggests that, to prove he obstructed a legal process, the state must first prove the validity of his father's arrest warrant. We disagree.

First, as we have already explained, the state presented evidence at trial that the officers responded to where appellant was located, learned that his father was the subject of an arrest warrant, and intended to arrest his father. Appellant was aware of the arrest warrant and, therefore, was aware of the legal process to which the officers were attending. And, as we have already stated, we presume the district court found the officers' statements credible.

Second, whether the arrest warrant was legal does not address whether the officers were involved in a legal process, because a person has no right to resist even an illegal arrest. *State v. Wick*, 331 N.W.2d 769, 771 (Minn. 1983) ("Minnesota law does not recognize defendant's asserted right to resist an unlawful arrest or search."); *see also State v. Shimota*, 875 N.W.2d 363, 372-73 (Minn. App. 2016) ("It is well settled that a defendant cannot prevail on an evidence-insufficiency argument by challenging her conviction based on her claim that she was resisting only an *illegal* arrest." (emphasis in original)), *rev. denied* (Minn. Apr. 27, 2016). Thus, appellant's father would not have the right to resist arrest even if the warrant was illegal.

**Affirmed.**