JOSIAH WOLF and Others v. WILLIAM McKINLEY and Others.[1]

June 17, 1896.

Nos. 10,027—(166).

**Lien—Dissolution by Assignment of Debtor.**

*Held,* the lien on the property of the judgment debtor, acquired by the commencement of supplemental proceedings against him, was dissolved by the making by him, within 10 days thereafter, of an assignment for the benefit of his creditors, under the insolvency law, even though the complaint of the judgment creditor was on file for more than 20 days before the entry of judgment.

[1] Reported in 68 N. W. 2.

Appeal by plaintiffs from an order of the district court for St. Louis county, Ensign, J., denying their motion for appointment of a receiver in proceedings supplementary to execution of the unexempt property of William McKinley, judgment debtor. Affirmed.

*Wilson & Wray* and *J. L. Washburn*, for appellants.

*Billson, Congdon & Dickinson*, for respondents.

CANTY, J. The complaint in this action was on file in the clerk's office more than 20 days after the action was commenced, and before the judgment against defendants for the recovery of money was entered. Thereafter an execution was issued, and returned unsatisfied. Thereupon an affidavit and order in supplemental proceedings were made, and served on the judgment debtor; and within three days thereafter, to wit, on February 15, 1894, he made an assignment for the benefit of his creditors, under the insolvency law of 1881.[2] The question involved in this case is whether the lien on his property acquired by the commencement of the supplemental proceedings was dissolved by such assignment. The trial court held that it was, and denied a motion made in the supplemental proceedings, on the disclosure of the judgment debtor, for the appointment of a receiver. From the order denying the same, plaintiffs appeal.

We, also, are of the opinion that the assignment dissolved the lien acquired by the supplemental proceedings. At the time in question, the first section of the insolvency law (G. S. 1894, § 4240) read as follows:

"Whenever any debtor shall have become insolvent, or garnishment shall have been made against any debtor, or property of any debtor shall have been levied upon by virtue of an attachment, execution, or legal process issued against him for collection of money, he may make an assignment of all his unexempt property; * * * and such assignment, if made within ten days after garnishment shall have been made against the assignor, or within ten days after property of such assignor shall have been levied upon by virtue of an attachment, execution, or other legal process against him for collection of money, as aforesaid, shall operate to vacate every garnishment and levy then pending: * * * provided, however, that such assignment shall not vacate or affect any levy made by virtue of an execution issued on a money judgment entered against such debtor on a complaint which was on file during at least twenty days next prior to entry of such

2 Chapter 148.

judgment in the court in the county where the defendant resided meanwhile." (This last proviso was stricken out by Laws 1895, c. 66.)

We are of the opinion that, within the meaning of this section, "legal process issued against him for collection of money" includes the statutory process of supplemental proceedings; and the institution of such proceedings to reach the concealed property of the judgment debtor is a levy of that process, within the meaning of that section. "Process" does not necessarily mean "writ" or "summons," but is often used in the sense of "proceedings." Hanna v. Russell, 12 Minn. 43 (80).

Appellants contend that the doctrine of ejusdem generis should be applied to the terms "legal process" and "other legal process," as they occur in connection with the terms "attachment" and "execution," and that they refer only to other like writs. In answer to this, we will say that to give the terms in question this narrow meaning would be contrary to the spirit and intent of the whole insolvency law, when all of its parts are construed together. In such a case the principle of ejusdem generis, contended for, does not control. See Sutherland, St. Const. § 279. If appellants' contention is right that said term "other legal process" does not include supplemental proceedings and the lien acquired thereby, then it is immaterial whether the plaintiffs' complaint was on file 20 days next prior to the entry of judgment or not; the lien acquired by the supplemental proceedings would not be dissolved in any event. The plaintiffs could file their complaint, enter judgment, issue execution, have it returned unsatisfied, and commence supplemental proceedings, all on the same day. The judgment debtor could make an assignment on the next day, but it would not dissolve the lien acquired by the supplemental proceedings. Such a construction would totally subvert the insolvency law and the intention of the legislature in passing it.

Then we are of the opinion that supplemental proceedings are included in the term "other legal process against him for collection of money, as aforesaid," and that the lien acquired by the proceedings was dissolved, unless it was saved by the proviso aforesaid, added to section 4240. In order to bring the lien of these proceedings within that proviso, we must hold that such lien and proceedings come within the term "levy made by virtue of an execution," or else we must hold it to be a case where equity follows the law. It is plain

that the term "levy made by virtue of an execution" does not include such lien and proceedings. Again, such lien is not expressly provided for in the statute giving the remedy of supplemental proceedings;[3] and, conceding that it is but an equitable lien, still we are of the opinion that it is not so analogous to the lien acquired by the levy of an execution that the analogy of the latter should be adopted so as to hold that the lien here in question comes within such proviso. The lien acquired by the levy of an execution is on specific known property. The lien acquired by commencing supplemental proceedings is a sort of drag-net, which gathers in assets, legal and equitable, known and unknown. Then we cannot hold that such a lien as the latter was saved by the proviso.

The order appealed from is affirmed.

