*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1234**

State of Minnesota,
Respondent,

vs.

Daniel Lee Bender,
Appellant.

**Filed April 11, 2016
Affirmed
Schellhas, Judge**

Olmsted County District Court
File No. 55-CR-14-5849

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Terry L. Adkins, Rochester City Attorney, Kelly M. Wagner, Assistant City Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Frank Richard Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Schellhas, Presiding Judge; Jesson, Judge; and Klaphake, Judge.*

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges his conviction of fifth-degree domestic assault, arguing that the evidence was insufficient to prove intent. We affirm.

## FACTS

In August 2014, appellant Daniel Lee Bender argued with his wife, J.B., and grabbed J.B.'s arm, causing her to experience pain. Respondent State of Minnesota charged Bender with misdemeanor domestic assault-harm, misdemeanor domestic assault-fear, and disorderly conduct. The district court conducted a bench trial, found Bender guilty of misdemeanor domestic assault-harm, acquitted Bender of misdemeanor domestic assault-fear and disorderly conduct, stayed imposition of sentence, and placed Bender on probation for one year.

This appeal follows.

## DECISION

Bender frames his challenge as a sufficiency-of-evidence challenge, but he argues only that the intent element of misdemeanor domestic assault-harm cannot be satisfied by evidence of a defendant's general intent to commit the physical act that results in bodily harm to the victim. We therefore dispense with a pro forma sufficiency-of-evidence analysis.

We first note that Bender ignores controlling caselaw that disposes of his argument. In *State v. Fleck*, the Minnesota Supreme Court held that "assault-harm, Minn. Stat. § 609.02, subd. 10(2) (prohibiting the intentional infliction of bodily harm), is a general-

intent crime" and that "assault-fear, Minn. Stat. § 609.02, subd. 10(1) (prohibiting an act done with the intent to cause fear in another of immediate bodily harm or death) is a specific-intent crime." 810 N.W.2d 303, 312 (Minn. 2012). In so holding, the supreme court reasoned in part:

> The Legislature defined assault-harm as "the intentional infliction of . . . bodily harm upon another." Minn.Stat. § 609.02, subd. 10(2). The forbidden conduct is a physical act, which results in bodily harm upon another. Although the definition of assault-harm requires the State to prove that the defendant intended to do the physical act, nothing in the definition requires proof that the defendant meant to violate the law or cause a particular result. If the Legislature intended to require an additional, special mental element, it could have defined assault-harm as "an act done with the intent to cause bodily harm to another." This is especially true because the Legislature used the phrase "with intent to" when defining assault-fear in the same statutory section.

*Id.* at 309. We repeatedly have applied *Fleck*'s holding that assault-harm is a general-intent crime and assault-fear is a specific-intent crime. *See, e.g.*, *State v. Dorn*, ___ N.W.2d ___, ___, 2016 WL 596118, at *3, *5 (Minn. App. Feb. 16, 2016) (applying *Fleck* and concluding that evidence was sufficient to support conviction of first-degree assault (great bodily harm) where state proved defendant's general intent to use "some degree of physical force" against victim); *State v. Pederson*, 840 N.W.2d 433, 435–36 (Minn. App. 2013) (applying *Fleck* and concluding that evidence was sufficient to support conviction of fourth-degree assault (assault-harm on peace officer) where state proved defendant's general intent to kick officer); *State v. Klug*, 839 N.W.2d 723, 728 (Minn. App. 2013) (stating that "[d]omestic assault is a general-intent crime, requiring only evidence that a defendant 'intended to do the physical act, [not] that the defendant meant to violate the law

3

or cause a particular result'" (alteration in original) (quoting *Fleck*, 810 N.W.2d at 309–10)).

Bender does not cite *Fleck* or its progeny and therefore has forfeited any argument that *Fleck* and its progeny is distinguishable from his case. *See Rhodes v. State*, ___ N.W.2d ___, ___, 2016 WL 626044, at *7 n.7 (Minn. Feb. 17, 2016) (stating that appellant forfeited issue that was not argued in his brief to supreme court). Even if Bender had not forfeited the argument that his case is distinguishable from *Fleck* and its progeny, we conclude that Bender's case is not distinguishable. *See State v. Peltier*, ___ N.W.2d ___, ___, 2016 WL 516732, at *11 (Minn. Feb. 10, 2016) ("Because the statutory definitions of first-degree child-abuse murder and first-degree domestic-abuse murder have nearly identical language, we interpret the provisions in a similar fashion."); *Klug*, 839 N.W.2d at 728 (stating that *Fleck* construed language that was "substantively identical" to language of domestic-assault statute). We reject Bender's argument that the intent element of misdemeanor domestic assault-harm cannot be satisfied by evidence of a defendant's general intent to commit the physical act that results in bodily harm to the victim.

**Affirmed.**